

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FILED**

JUL 2 3 2021

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

21 MC - 15 - CVE ·

v.

Case No: 8:20-cv-325-MSS-AEP

BRIAN DAVISON, BARRY M.
RYBICKI, EQUIALT LLC,
EQUIALT FUND, LLC, EQUIALT
FUND II, LLC, EQUIALT FUND III,
LLC, EA SIP, LLC, 128 E. DAVIS
BLVD, LLC, 310 78TH AVE, LLC,
551 3D AVE S, LLC, 604 WEST
AZEELE, LLC, 2101 W. CYPRESS,
LLC, 2112 W. KENNEDY BLVD,
LLC, 5123 E. BROADWAY AVE,
LLC, BLUE WATERS TI, LLC,
BNAZ, LLC, BR SUPPORT
SERVICES, LLC, BUNGALOWS TI,
LLC, CAPRI HAVEN, LLC, EA NY,
LLC, EQUIALT 519 3RD AVE S.,
LLC, MCDONALD REVOCABLE
LIVING TRUST, SILVER SANDS TI,
LLC and TB OLDEST HOUSE EST.
1842, LLC,

      Defendants.

---

## ORDER REAPPOINTING RECEIVER

**THIS CAUSE** comes before the Court for consideration of the Receiver's

Unopposed Motion for Reappointment. (Dkt. 345) Neither the SEC nor Defendants

Brian Davison and Bryan Rybicki oppose the relief sought. (<u>Id.</u> at 8) Having

considered the Motion, and being otherwise fully advised, it is **ORDERED** and

**ADJUDGED** that:

1. The Receiver's Unopposed Motion for Reappointment, (Dkt. 345), is

   **GRANTED**.

2. Burton W. Wiand is reappointed as the Receiver for the purposes of 28

   U.S.C. § 754. This Order attaches and incorporates by reference as if fully

   set forth herein the Court's Order appointing the Receiver, (Dkt. 11),

   dated February 14, 2020. The Receiver's mandate upon reappointment

   shall be governed by the attached and incorporated provisions of the

   Order appointing the Receiver.


**DONE** and **ORDERED** in Tampa, Florida, this 16th day of July 2021.


MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE


**Copies furnished to:**
Counsel of Record
Any Unrepresented Person


- 2 -

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                                                      Case No: 8:20-cv-00325-T-35AEP

BRIAN DAVISON, BARRY M. RYBICKI,
EQUIALT LLC, EQUIALT FUND, LLC,
EQUIALT FUND II, LLC, EQUIALT
FUND III, LLC, EA SIP, LLC,

      Defendants,

                                                    FILED *EX PARTE*
                                                    <u>AND UNDER SEAL</u>

128 E. DAVIS BLVD, LLC, 310 78TH
AVE, LLC, 551 3D AVE S, LLC, 604
WEST AZEELE, LLC, BLUE WATERS
TI, LLC, 2101 W. CYPRESS, LLC, 2112
W. KENNEDY BLVD, LLC, BNAZ,LLC,
BR SUPPORT SERVICES, LLC, CAPRI
HAVEN, LLC, EANY,LLC, BUNGALOWS
TI, LLC, EQUIALT 519 3RD AVE S., LLC,
MCDONALD REVOCABLE LIVING
TRUST, 5123 E. BROADWAY AVE, LLC,
SILVER SANDS TI, LLC, TB OLDEST
HOUSE EST. 1842, LLC,

      Relief Defendants.

---

<u>**SEALED ORDER GRANTING PLAINTIFF'S EMERGENCY EX PARTE MOTION FOR
APPOINTMENT OF RECEIVER AND MEMORANDUM OF LAW**</u>

      **WHEREAS,** Plaintiff Securities and Exchange Commission has filed an Emergency

Motion for the appointment of a Receiver over Defendants EquiAlt LLC, EquiAlt Fund, LLC

EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, and EA SIP, LLC (collectively the "Corporate

Defendants"), (Dkt. 6), and all of the Relief Defendants in this action with full and exclusive

power, duty and authority to: administer and manage the business affairs, funds, assets,

choses in action and any other property of the Corporate Defendants and Relief Defendants;
marshal and safeguard all of the assets of the Corporate Defendants and Relief Defendants
and take whatever actions are necessary for the protection of investors;

 **WHEREAS**, the Court has found Plaintiff Securities and Exchange Commission has
made a sufficient and proper showing of the relief requested by evidence demonstrating a
*prima facie* case of violations of the federal securities laws by the Defendants.

 **WHEREAS** this Court has subject matter jurisdiction over this action and
personal jurisdiction over the Defendants, and venue properly lies in this district.

 **WHEREAS**, the Commission has submitted the credentials of a candidate to be
appointed as Receiver of all of the assets, properties, books and records, and other items
of the Corporate Defendants and the Relief Defendants and the Commission has advised
the Court that this candidate is prepared to assume this responsibility if so ordered by the
Court.

 **NOW, THEREFORE, IT IS ORDERED AND ADJUDGED** that Burton Wiand, Esq.
is hereby appointed the Receiver over the Corporate Defendants and Relief Defendants,
each of their subsidiaries, successors and assigns, and is hereby authorized, empowered,
and directed to:

1. Take immediate possession of all property, assets and estates of every kind of the
   Corporate Defendants and Relief Defendants whatsoever and wheresoever
   located, including but not limited to all offices maintained by the Corporate
   Defendants and Relief Defendants, rights of action, books, papers, data processing
   records, evidences of debt, bank accounts, savings accounts, certificates of deposit,
   stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office
   supplies and equipment, and all real property of the Corporate Defendants and

2

Relief Defendants, wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

2. Investigate the manner in which the affairs of the Corporate Defendants and Relief Defendants were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Corporate Defendants and Relief Defendants and their investors and other creditors as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred money or other proceeds directly or indirectly traceable from investors in EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, and EA SIP, LLC, their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, and EA SIP, LLC; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order;

3. Initially recover, control and possess liquid assets, known real estate, LLC assets and high-end personal assets purchased with funds traceable from investor proceeds, and trusts if the Receiver deems appropriate. The Receiver is specifically authorized to retain for the purposes of the receivership, forensic accountants (Yip and Associates), information technology consultants and counsel

3

specializing in information technology research (Adam Sharp, E-Hounds, Inc. and Robert Stines of Freeborn & Peters LLP), RWJ Group, LLC, and investigators, and counsel in Phoenix, Arizona to assist in the service of the Order and securing of records and assets. The Receiver shall advise and seek the consent of the Court with respect to the institution of claims relating to vendors, professionals, investors, or financial institutions, or other litigation of a complex and significant nature that may involve commitment of significant assets or the incurrence of significant costs or expenses to the receivership;

4. Present to this Court a report reflecting the existence and value of the assets of the Corporate Defendants and Relief Defendants and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Corporate Defendants and Relief Defendants;

5. Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business of the Corporate Defendants and Relief Defendants and exercising the power granted by this Order, subject to prior approval by this Court;

6. Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshal's Service, accountants, or a private security firm;

7. Defend, compromise or settle legal actions, including the instant proceeding, in which the Corporate Defendants, the Relief Defendants, or the Receiver are a party, commenced either prior to or subsequent to this Order, without authorization of this

Court up to a total amount of $50,000 for each claim; except, however, in actions where the Corporate Defendants or Relief Defendants are nominal parties, where the action does not effect a claim against or adversely affect the assets of Corporate Defendants or Relief Defendants, the Receiver may file appropriate pleadings at the Receiver's discretion. The Receiver may waive any attorney-client or other privilege held by the Corporate Defendants or Relief Defendants;

8. Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of the Corporate Defendants or Relief Defendants and, upon, order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary;

9. Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary, and advisable in discharging the Receiver's duties;

10. Have access to and review all mail of Corporate Defendants or Relief Defendants (except for mail that appears to be purely personal or in any respect attorney-client privileged communication to or from the individual Defendants) received at any office or address of Corporate Defendants or Relief Defendants.

**IT IS FURTHER ORDERED AND ADJUDGED** that, in connection with the appointment of the Receiver provided for above:

11. The Corporate Defendants or Relief Defendants and all of their directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons

who are in custody, possession, or control of any assets, books, records, or other property of the Defendants and Relief Defendants shall deliver forthwith upon demand such property, money, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of the Corporate Defendants and Relief Defendants;

12. The Receiver is authorized to open a bank account or accounts in the name of the Receivership to carry out the business of the Receivership and the Receivership Estate;

13. All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of the Corporate Defendants and Relief Defendants shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

14. Unless authorized by the Receiver, the Corporate Defendants and Relief Defendants and their principals shall take no action, nor purport to take any action, in the name of or on behalf of the Corporate Defendants and Relief Defendants;

15. The Corporate Defendants and Relief Defendants, their principals, and their respective officers, agents, employees, attorneys, and attorneys-in-fact, shall cooperate with and assist the Receiver. The Corporate Defendants and Relief Defendants and their principals and respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's

6

duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

16. The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by the Corporate Defendants and Relief Defendants; said amount or amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of the Court. The Receiver is specifically authorized to retain Wiand Guerra King P.A. as attorneys for the Receiver;

17. During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of the Corporate Defendants and Relief Defendants;

18. The Receiver is fully authorized to proceed with any filing the Receiver may deem appropriate under the Bankruptcy Code as to the Corporate Defendants and Relief Defendants;

19. Title to all property, real or personal, all contracts, rights of action and all books and records of the Corporate Defendants and Relief Defendants and their principals, wherever located within or without this state, is vested by operation of law in the Receiver;

20. Upon request by the Receiver, any company providing telephone services to the Corporate Defendants or Relief Defendants shall provide a reference of calls from any number presently assigned to the Defendants and Relief Defendants to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership;

21. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Corporate Defendants or Relief Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver. The Receiver shall pay the invoices from the aforementioned utilities for services provided to the Corporate Defendants and Relief Defendants in the ordinary course of their business;

22. The United States Postal Service is directed to provide any information requested by the Receiver regarding the Corporate Defendants or Relief Defendants as directed by the Receiver;

23. No bank, savings and loan association, other financial institution, or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

24. No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence or greater, the Receiver shall not be liable for any loss or damage incurred by the Corporate Defendants or Relief Defendants, or by the Receiver's officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities;

8

25. Service of this Order shall be sufficient if made upon the Corporate Defendants or Relief Defendants and their principals by facsimile or overnight courier;

26. In the event the Receiver discovers that funds of persons who have invested in EquiAlt Fund, LLC EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, and EA SIP, LLC have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds or assets acquired with such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds or assets;

27. This Court shall retain jurisdiction of this matter for all purposes;

28. Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates;

29. The Quarterly Status Report shall contain the following:

    A.    A summary of the operations of the Receiver;

    B.    The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

    C.    A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

    D.    A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed

> dispositions, and reasons for retaining assets where no disposition
> is intended;
>
> E.    A description of liquidated and unliquidated claims held by the
>        Receivership Estate, including the need for forensic and/or
>        investigatory resources; approximate valuations of claims; and
>        anticipated or proposed methods of enforcing such claims
>        (including likelihood of success in: (i) reducing the claims to
>        judgment; and, (ii) collecting such judgments);
>
> F.    The status of Creditor Claims Proceedings, after such proceedings
>        have been commenced; and,
>
> G.    The Receiver's recommendations for a continuation or
>        discontinuation of the receivership and the reasons for the
>        recommendations.

30. Subject to Paragraphs 31 - 37 immediately below, the Receiver need not obtain

Court approval prior to the disbursement of Receivership Funds for expenses in

the ordinary course of the administration and operation of the receivership.

Further, prior Court approval is not required for payments of applicable federal,

state or local taxes;

31. Subject to Paragraph 32 immediately below, the Receiver is authorized to solicit

persons and entities ("Retained Personnel") to assist him in carrying out the duties

and responsibilities described in this Order. Except as otherwise provided herein,

the Receiver shall not engage any Retained Personnel without first obtaining an

Order of the Court authorizing such engagement;

32. The Receiver and Retained Personnel are entitled to reasonable compensation

and expense reimbursement from the Receivership Estates as described in the

"Billing Instructions for Receivers in Civil Actions Commenced by the U.S.

Securities and Exchange Commission" (the "Billing Instructions") agreed to by the

Receiver. Such compensation shall require the prior approval of the Court;

33. Within forty-five (45) days after the end of each calendar quarter, the Receiver and

10

Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff;

34. All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership;

35. Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership;

36. Each Quarterly Fee Application shall:

    A.    Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

    B.    Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

37. At the close of the Receivership, the Receiver shall submit a Final Accounting, in

a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement;

38. On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

39. The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel, and the Receivership Estate.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of February, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
**PLAINTIFF'S COUNSEL ONLY**
**US MARSHAL'S SERVICE**

Query   Reports   Utilities   Help   Log Out

MOTREF, SL DOC, STAYED, TRLSET

# U.S. District Court
## Middle District of Florida (Tampa)
## CIVIL DOCKET FOR CASE #: 8:20-cv-00325-MSS-AEP

Securities and Exchange Commission v. Davison et al
Assigned to: Judge Mary S. Scriven
Referred to: Magistrate Judge Anthony E. Porcelli
Cause: 15:0077 Securities Fraud

Date Filed: 02/11/2020
Jury Demand: Both
Nature of Suit: 850 Securities/Commodities
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**Securities and Exchange Commission**

represented by **Alise M. Johnson**
Securities and Exchange Commission
801 Brickell Ave., Suite 1800
Miami, FL 33131
Email: johnsonali@sec.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chanel Rowe**
U.S. Securities and Exchange Commission
801 Brickell Avenue., Suite 1950
Miami, FL 33138
305-982-6300
Email: rowech@sec.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Brian Davison**

represented by **Alexandra P. Kolod**
Moses & Singer, LLP
405 Lexington Avenue
New York, NY 10174
212-554-7893
Fax: 212-554-7700
Email: apkolod@mosessinger.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charles M. Harris , Jr.**
Trenam, Kemker, Scharf, Barkin, Frye,
O'Neill & Mullis,
Suite 2700
101 E Kennedy Blvd
Tampa, FL 33602

813/223-7474
Fax: 813/229-6553
Email: cmharris@trenam.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory J. Fleesler**
Moses & Singer, LLP
405 Lexington Avenue
New York, NY 10174
212-554-7800
Fax: 212-554-7700
Email: gfleesler@mosessinger.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Howard Andrew Fischer**
Moses & Singer, LLP
405 Lexington Ave
New York, NY 10174
212-544-7872
Fax: 917-206-4368
Email: HFischer@mosessinger.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lonnie Lloyd Simpson**
Shutts & Bowen, LLP
4301 W Boy Scout Blvd Ste 300
Tampa, FL 33607-5716
813-229-8900
Fax: 813-229-8901
Email: lsimpson@shutts.com
*TERMINATED: 03/06/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerald D. Davis**
Trenam Law
200 Central Ave Ste 1600
St Petersburg, FL 33701-3960
Email: gdd@trenam.com
*ATTORNEY TO BE NOTICED*

**Stanley T. Padgett**
Padgett Law, PA
Suite 600
201 E Kennedy Blvd
Tampa, FL 33602
813/230-9098
Fax: 866-896-7664

Email: spadgett@padgettlawpa.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Barry M. Rybicki**                     represented by **Adam Seth Fels**
Fridman Fels & Soto, PLLC
2525 Ponce de Leon Blvd., Suite 750
Coral Gables, FL 33134
305-569-7001
Fax: 305-569-7746
Email: afels@ffslawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandro O. Soto**
Fridman Fels & Soto, PLLC
2525 Ponce de Leon Blvd., Suite 750
Coral Gables, FL 33134
305-569-7707
Fax: 786-627-4145
Email: asoto@ffslawfirm.com
*LEAD ATTORNEY*

**David M. Rody**
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
212-839-5951
*TERMINATED: 04/06/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark Andrew Levy**
Brinkley, Morgan, Solomon, Tatum,
Stanley, Lunny & Gordon
100 SE Third Avenue, 23rd Floor
Ft Lauderdale, FL 33394
954/522-2200
Fax: 954/522-9123
Email: mark.levy@brinkleymorgan.com
*TERMINATED: 04/06/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen L. Cohen**
Sidley Austin LLP
1501 K Street N.W.
Washington, DC 20005
202-736-8682
Fax: 202-736-8711
Email: scohen@sidley.com
*TERMINATED: 04/06/2020*
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Equialt LLC**

**Defendant**
**Equialt Fund, LLC**

**Defendant**
**Equialt Fund II, LLC**

**Defendant**
**Equialt Fund III, LLC**

**Defendant**
**EA SIP, LLC**

**Defendant**
**128 E. Davis Blvd, LLC**

**Defendant**
**310 78TH Ave, LLC**

**Defendant**
**551 3D Ave S, LLC**

**Defendant**
**604 West Azeele, LLC**

**Defendant**
**2101 W. Cypress, LLC**

**Defendant**
**2112 W. Kennedy Blvd, LLC**

**Defendant**
**5123 E. Broadway Ave, LLC**

**Defendant**
**Blue Waters TI, LLC**

**Defendant**
**BNAZ, LLC**

**Defendant**
**BR Support Services, LLC**

**Defendant**
**Bungalows TI, LLC**

**Defendant**

**Capri Haven, LLC**

**Defendant**

**EA NY, LLC**

**Defendant**

**Equialt 519 3RD Ave S., LLC**

**Defendant**

**McDonald Revocable Living Trust**

**Defendant**

**Silver Sands TI, LLC**

**Defendant**

**TB Oldest House Est. 1842, LLC**

**Defendant**

**Ferrari Financial Services, Inc.**
*TERMINATED: 07/10/2020*

represented by **Carmen Contreras-Martinez**
Genovese, Joblove & Battista, PA
44th Floor
100 SE 2nd St
Miami, FL 33131-2311
(305) 913-6684
Email: carmen.contreras-
martinez@saul.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Receiver**

**Burton W. Wiand**

represented by **Jared J. Perez**
Guerra King, P.A.
5505 W Gray St
Tampa, FL 33609-1007
813-347-5114
Fax: 813-347-5199
Email: jperez@guerraking.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine C. Donlon**
Johnson, Cassidy, Newlon & DeCort
2802 N. Howard Avenue
Tampa, FL 33607
813-291-3300
Fax: 813-324-4629
Email: kdonlon@jclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Max McKinley**

Guerra King P.A.
5505 West Gray St
Tampa, FL 33609
813-347-5112
Fax: 813-347-5198
Email: mmckinley@guerraking.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A Stines**
Freeborn & Peters LLP
201 N Franklin St Ste 3550
Tampa, FL 33602-5182
813/488-2920
Fax: 813/488-2920
Email: rstines@freeborn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.
**Movant**

**Bank of America, N.A.**                    represented by **Jaimee L. Braverman**
Liebler, Gonzalez & Portuondo, PA
44 W Flagler St., Suite 2500
Miami, FL 33130-1808
305-379-0400
Fax: 305-379-9626
Email: JLB@LGPLAW.COM
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Miguel Mario Cordano**
Liebler, Gonzalez & Portuondo, PA
44 W Flagler St Ste 2500
Miami, FL 33130-1808
305/379-0400
Email: mc@lgplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Investor Plaintiffs'**                    represented by **Adam M. Moskowitz**
Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
305-740-1423
Fax: 786-298-5737
Email: adam@moskowitz-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam A. Schwartzbaum**

The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
305-740-1423
Fax: 786-298-5737
Email: Adams@moskowitz-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Paul Wassgren**                    represented by   **Simon Alexander Gaugush**
Carlton Fields , P.A.
4221 W. Boy Scout Blvd., Suite 1000
Tampa, FL 33607
813-229-4227
Fax: 813-229-4133
Email: sgaugush@carltonfields.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Fox Rothschild LLP**                represented by   **William J. Schifino , Jr.**
Gunster
401 E Jackson St Ste 2500
Tampa, FL 33602-5226
813-228-9080
Fax: 813-221-7335
Email: bschifino@gunster.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**DLA Piper LLP**                    represented by   **Arthur Lee Bentley , III**
Bradley Arant Boult Cummings LLP
100 N Tampa St Ste 2200
Tampa, FL 33602-5809
813-559-5500
Fax: 813-229-5946
Email: lbentley@bradley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Objector**

**Robert G. Mar**                    represented by   **Donald J. Magilligan**
Cotchett Pitre & McCarthy, LLP
San Francisco Airport Office Center
840 Malcolm Rd
Burlingame, CA 94010
650-697-6000
Fax: 650-697-0577
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Mark C. Molumphy**
Cotchett Pitre & McCarthy, LLP
San Francisco Airport Office Center
840 Malcolm Rd
Burlingame, CA 94010
650-697-6000
Fax: 650-697-0577
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tamarah P. Prevost**
Cotchett Pitre & McCarthy, LLP
San Francisco Airport Office Center
840 Malcolm Rd
Burlingame, CA 94010
650-697-6000
Fax: 650-697-0577
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/2020 | 1 | COMPLAINT against 128 E. Davis Blvd, LLC, 2101 W. Cypress, LLC, 2112 W. Kennedy Blvd, LLC, 310 78TH Ave, LLC, 5123 E. Broadway Ave, LLC, 551 3D Ave S, LLC, 604 West Azeele, LLC, BNAZ, LLC, BR Support Services, LLC, Blue Waters TI, LLC, Bungalows TI, LLC, Capri Haven, LLC, Brian Davison, EA NY, LLC, EA SIP, LLC, Equialt 519 3RD Ave S., LLC, Equialt Fund II, LLC, Equialt Fund III, LLC, Equialt Fund, LLC, Equialt LLC, McDonald Revocable Living Trust, Barry M. Rybicki, Silver Sands TI, LLC, TB Oldest House Est. 1842, LLC with Jury Demand filed by Securities and Exchange Commission. (Attachments: # 1 Civil Cover Sheet)(LD) (Entered: 02/11/2020) |
| 02/11/2020 | 2 | MOTION for leave to file under seal by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order)(LD) (Entered: 02/11/2020) |
| 02/11/2020 | 3 | MOTION for Leave to File its Emergency Ex Parte Motion and Memorandum of Law for Temporary Restraining Order, Asset Freeze and Other Injunctive Relief in Excess of the 25 Page Limit by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order)(LD) (Entered: 02/11/2020) |
| 02/11/2020 | 5 | CERTIFICATE Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure by Securities and Exchange Commission re 4 MOTION for temporary restraining order. (LD) (Entered: 02/11/2020) |
| 02/11/2020 | 7 | EXHIBITS by Securities and Exchange Commission re 4 MOTION for temporary restraining order (Attachments: # 1 Exhibit 1-5, # 2 Exhibit 6, # 3 Exhibit 7-9, # 4 Exhibit 10-11, # 5 Exhibit 12-34, # 6 Exhibit 36 Part I, # 7 Exhibit 36 Part II, # 8 Exhibit 38-43). (LD) (Entered: 02/11/2020) |
| 02/11/2020 | 8 | SUMMONS issued as to 128 E. Davis Blvd, LLC, 2101 W. Cypress, LLC, 2112 W. Kennedy Blvd, LLC, 310 78TH Ave, LLC, 5123 E. Broadway Ave, LLC, 551 3D Ave S, LLC, 604 West Azeele, LLC, BNAZ, LLC, BR Support Services, LLC, Blue Waters TI, LLC, Bungalows TI, LLC, Capri Haven, LLC, Brian Davison, EA NY, LLC, EA SIP, |

| | | |
|---|---|---|
| | | LLC, Equialt 519 3RD Ave S., LLC, Equialt Fund II, LLC, Equialt Fund III, LLC, Equialt Fund, LLC, Equialt LLC, McDonald Revocable Living Trust, Barry M. Rybicki, Silver Sands TI, LLC, TB Oldest House Est. 1842, LLC. (LD) (Entered: 02/11/2020) |
| 02/12/2020 | 9 | **ORDER Setting Ex Parte Hearing on 4 Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order, Asset Freeze, and Other Injunctive Relief and 6 Plaintiff's Emergency Ex Parte Motion for Appointment of Receiver; GRANTING 2 Plaintiff's Motion to Seal; GRANTING 3 Plaintiff's Motion for Leave to File in Excess of the 25-Page Limit. The hearing is set for February 13, 2020 at 9:00 a.m. in Tampa Courtroom 7A before Judge Mary S. Scriven. See Order for Details. Signed by Judge Mary S. Scriven on 2/12/2020. (GMD) (Entered: 02/12/2020)** |
| 02/13/2020 | 53 | Minute Entry. Proceedings held before Judge Mary S. Scriven: MOTION HEARING held on 2/13/2020 re 6 MOTION to Appoint Receiver filed by Securities and Exchange Commission, 4 MOTION for temporary restraining order filed by Securities and Exchange Commission. Court Reporter: David Collier (MR) (Entered: 03/16/2020) |
| 02/14/2020 | 10 | **SEALED ORDER GRANTING 4 Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order, Asset Freeze, and Other Injunctive Relief. See Order for details. Signed by Judge Mary S. Scriven on 2/14/2020. (GMD) (Entered: 02/14/2020)** |
| 02/14/2020 | 11 | **ORDER GRANTING 6 Plaintiff's Emergency Ex Parte Motion for Appointment of Receiver. See Order for details. Signed by Judge Mary S. Scriven on 2/14/2020. (GMD) (Entered: 02/14/2020)** |
| 02/14/2020 | 12 | MOTION to lift seal and the for the Clerk of Court to place all previously filed pleading, motions, and orders on the public docket by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order)(AG) (Entered: 02/18/2020) |
| 02/14/2020 | 13 | **ORDER granting 12 Motion to lift seal. The Clerk is DIRECTED to lift the seal in this matter and SHALL place theTemporary Restraining Order, the Receiver Order, the Complaint, and all other pleadings, motions, and orders that have been filed or entered in this case on the publicly accessible docket. Signed by Judge Mary S. Scriven on 2/14/2020. (AG) (Entered: 02/18/2020)** |
| 02/18/2020 | 14 | NOTICE of Appearance by Jared J. Perez on behalf of Burton W. Wiand (Perez, Jared) (Entered: 02/18/2020) |
| 02/18/2020 | 15 | NOTICE of Appearance by Katherine C. Donlon on behalf of Burton W. Wiand (Donlon, Katherine) (Entered: 02/18/2020) |
| 02/19/2020 | 16 | NOTICE of Appearance by Robert Stines on behalf of Burton W. Wiand (Stines, Robert) (Entered: 02/19/2020) |
| 02/19/2020 | 17 | PROOF of service by Securities and Exchange Commission (Johnson, Alise) (Entered: 02/19/2020) |
| 02/19/2020 | 18 | PROOF of service by Securities and Exchange Commission (Johnson, Alise) (Entered: 02/19/2020) |
| 02/21/2020 | 19 | NOTICE of Appearance by Mark Andrew Levy on behalf of Barry M. Rybicki (Levy, Mark) (Entered: 02/21/2020) |
| 02/21/2020 | 20 | MOTION for Stephen L. Cohen to appear pro hac vice by Barry M. Rybicki. (Levy, Mark) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 02/21/2020) |
| 02/21/2020 | 21 | APPEARANCE of non-resident counsel and designation of local counsel by Mark Andrew Levy on behalf of Barry M. Rybicki. Local Counsel: Mark A. Levy. Non- |

| | | Resident Counsel: Stephen L. Cohen. (Levy, Mark) (Entered: 02/21/2020) |
|---|---|---|
| 02/21/2020 | 22 | MOTION for David M. Rody to appear pro hac vice by Barry M. Rybicki. (Levy, Mark) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 02/21/2020) |
| 02/21/2020 | 23 | APPEARANCE of non-resident counsel and designation of local counsel by Mark Andrew Levy on behalf of Barry M. Rybicki. Local Counsel: Mark A. Levy. Non-Resident Counsel: David M. Rody. (Levy, Mark) (Entered: 02/21/2020) |
| 02/21/2020 | 24 | **ENDORSED ORDER GRANTING 22 MOTION for David M. Rody to appear pro hac vice contingent upon the payment of the appropriate fee. Signed by Judge Mary S. Scriven on 2/21/2020. (Scriven, Mary) (Entered: 02/21/2020)** |
| 02/21/2020 | 25 | **ENDORSED ORDER GRANTING 20 MOTION for Stephen L. Cohen to appear pro hac vice contingent upon the payment of the appropriate fee. Signed by Judge Mary S. Scriven on 2/21/2020. (Scriven, Mary) (Entered: 02/21/2020)** |
| 02/21/2020 | 26 | **ENDORSED ORDER sua sponte extending any filing or submission deadlines due in this case today until no earlier than Tuesday February 25, 2020. This is intended to afford counsel for the defense an opportunity to file any agreed extension requests in an orderly fashion. This extension in no way modifies the Defendants' duty to comply with the previous Orders of the Court. Signed by Judge Mary S. Scriven on 2/21/2020. (Scriven, Mary) (Entered: 02/21/2020)** |
| 02/25/2020 | | ***PRO HAC VICE FEES paid by attorney David M. Rody, appearing on behalf of Barry M. Rybicki (Filing fee $150 receipt number TPA060185.) Related document: 22 MOTION for David M. Rody to appear pro hac vice . (ARC) (Entered: 02/25/2020) |
| 02/25/2020 | | ***PRO HAC VICE FEES paid by attorney Stephen L. Cohen, appearing on behalf of Barry M. Rybicki (Filing fee $150 receipt number TPA060185.) Related document: 20 MOTION for Stephen L. Cohen to appear pro hac vice . (ARC) (Entered: 02/25/2020) |
| 02/25/2020 | 27 | NOTICE of Appearance by Lonnie Lloyd Simpson on behalf of Brian Davison (Simpson, Lonnie) (Entered: 02/25/2020) |
| 02/25/2020 | 28 | Unopposed MOTION to Continue *February 27, 2020 Preliminary Injunction Hearing until May 8, 2020 and For Extension of Time to Provide Sworn Accounting* by Brian Davison. (Simpson, Lonnie) (Entered: 02/25/2020) |
| 02/26/2020 | 29 | **ORDER GRANTING AS STATED HEREIN 28 Defendants' Unopposed Motion to Postpone February 27, 2020 Preliminary Injunction Hearing Until May 8, 2020 (or such other time as the Court may determine), and for Extension of Time to Provide Sworn Accounting. The SHOW CAUSE HEARING in this matter is rescheduled for Wednesday, May 13, 2020 at 1:30 PM in Tampa Courtroom 7 A before the Honorable Mary S. Scriven. See Order for details. Signed by Judge Mary S. Scriven on 2/26/2020. (GMD) Modified on 5/29/2020 (GMD). (GMD). (Entered: 02/26/2020)** |
| 02/27/2020 | | Set/reset hearings: Show Cause Hearing set for 5/13/2020 at 01:30 PM in Tampa Courtroom 7 A before Judge Mary S. Scriven. (APV) (Entered: 03/05/2020) |
| 02/28/2020 | 30 | Unopposed MOTION for Miscellaneous Relief, specifically for Entry of Proposed Agreed Order Extending and Modifying Asset Freeze by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order - Agreed Order Extending and Modifying Asset Freeze)(Johnson, Alise) (Entered: 02/28/2020) |
| 02/28/2020 | 31 | **AGREED ORDER EXTENDING AND MODIFYING ASSET FREEZE. See Order for details. Signed by Judge Mary S. Scriven on 2/28/2020. (GMD) (Entered: 02/28/2020)** |
| | | |

| 03/03/2020 | 32 | NOTICE of Appearance by Gerald D. Davis on behalf of 128 E. Davis Blvd, LLC, 2101 W. Cypress, LLC, 2112 W. Kennedy Blvd, LLC, 310 78TH Ave, LLC, 5123 E. Broadway Ave, LLC, 551 3D Ave S, LLC, 604 West Azeele, LLC, BNAZ, LLC, Blue Waters TI, LLC, Bungalows TI, LLC, Capri Haven, LLC, Brian Davison, EA NY, LLC, EA SIP, LLC, Equialt 519 3RD Ave S., LLC, Equialt Fund II, LLC, Equialt Fund III, LLC, Equialt Fund, LLC, Equialt LLC, McDonald Revocable Living Trust, Silver Sands TI, LLC, TB Oldest House Est. 1842, LLC (Davis, Gerald) Modified on 4/27/2020 Corrected Notice 34 of Appearance (BES). (Entered: 03/03/2020) |
|---|---|---|
| 03/03/2020 | 33 | NOTICE of Appearance by Charles M. Harris, Jr on behalf of 128 E. Davis Blvd, LLC, 2101 W. Cypress, LLC, 2112 W. Kennedy Blvd, LLC, 310 78TH Ave, LLC, 5123 E. Broadway Ave, LLC, 551 3D Ave S, LLC, 604 West Azeele, LLC, BNAZ, LLC, Blue Waters TI, LLC, Bungalows TI, LLC, Capri Haven, LLC, Brian Davison, EA NY, LLC, EA SIP, LLC, Equialt 519 3RD Ave S., LLC, Equialt Fund II, LLC, Equialt Fund III, LLC, Equialt Fund, LLC, Equialt LLC, McDonald Revocable Living Trust, Silver Sands TI, LLC, TB Oldest House Est. 1842, LLC (Harris, Charles) Modified on 4/27/2020 Corrected Notice 35 of Appearance (BES). (Entered: 03/03/2020) |
| 03/03/2020 | 34 | NOTICE of *Amended and Corrected* Appearance by Gerald D. Davis on behalf of Brian Davison (Davis, Gerald) (Entered: 03/03/2020) |
| 03/03/2020 | 35 | NOTICE of *Amended and Corrected* Appearance by Charles M. Harris, Jr on behalf of Brian Davison (Harris, Charles) (Entered: 03/03/2020) |
| 03/03/2020 | 36 | MOTION for Gregory J. Fleesler to appear pro hac vice *Specially as Counsel of Record and Written Designation of Counsel to Act* by Brian Davison. (Davis, Gerald) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 03/03/2020) |
| 03/03/2020 | 37 | NOTICE by Brian Davison *of Non-Resident Attorney Gregory J. Fleesler and Designation of Florida Counsel and Consent-to-Act Pursuant to Local Rule 2.02* (Davis, Gerald) (Entered: 03/03/2020) |
| 03/04/2020 | 38 | **RELATED CASE ORDER AND NOTICE of designation under Local Rule 3.05 - track 2. Notice of pendency of other actions due by 3/18/2020. Signed by Judge Mary S. Scriven on 3/4/2020. (MR) (Entered: 03/04/2020)** |
| 03/04/2020 | 39 | **INTERESTED PERSONS ORDER Certificate of interested persons and corporate disclosure statement due by 3/18/2020. Signed by Judge Mary S. Scriven on 3/4/2020. (MR) (Entered: 03/04/2020)** |
| 03/04/2020 | 40 | **ENDORSED ORDER granting 36 Motion to Appear Pro Hac Vice. Attorney Gregory J. Fleesler may appear pro hac vice on behalf of Defendant Brian Davison, with Attorney Gerald D. Davis designated as local counsel pursuant to Local Rule 2.02(a). Within twenty-one (21) days of the date of this Order, counsel shall comply with the fee and electronic filing requirements and file a notice of compliance with said requirements. Signed by Magistrate Judge Anthony E. Porcelli on 3/4/2020. (JMF) (Entered: 03/04/2020)** |
| 03/04/2020 | 41 | MOTION for Lonnie L. Simpson and Stephen B. Gillman to Withdraw as Attorney by Brian Davison. (Simpson, Lonnie) (Entered: 03/04/2020) |
| 03/05/2020 | | ***PRO HAC VICE FEES paid by attorney Gregory J. Fleesler, appearing on behalf of Brian Davison (Filing fee $150 receipt number TPA060294.) Related document: 36 MOTION for Gregory J. Fleesler to appear pro hac vice *Specially as Counsel of Record and Written Designation of Counsel to Act*. (TDC) (Entered: 03/05/2020) |
| 03/06/2020 | 42 | **ORDER GRANTING 41 the Motion to Withdraw as Counsel of Record for Defendant Brian Davison. The Clerk is directed to TERMINATE Lonnie Lloyd** |

| | | |
|---|---|---|
| | | Simpson and Stephen B. Gillman, of the law firm Shutts & Bowen, LLP, as counsel of record and recipients of filings for Defendant Brian Davison. Signed by Judge Mary S. Scriven on 3/6/2020. (GMD) (Entered: 03/06/2020) |
| 03/09/2020 | 43 | MOTION for Release of Funds *Motion to Modify Asset Freeze to Permit Access to Funds for Legal Defense Costs* by Barry M. Rybicki. (Levy, Mark) (Entered: 03/09/2020) |
| 03/09/2020 | 44 | NOTICE of pendency of related cases re 38 Related case order and track 2 notice *filed* per Local Rule 1.04(d) by Securities and Exchange Commission. Related case(s): no (Johnson, Alise) (Entered: 03/09/2020) |
| 03/09/2020 | 45 | CERTIFICATE of interested persons and corporate disclosure statement re 39 Interested persons order *filed* by Securities and Exchange Commission. (Johnson, Alise) (Entered: 03/09/2020) |
| 03/10/2020 | 46 | MOTION for Extension of Time to File Response/Reply as to 1 Complaint *Agreed* by Barry M. Rybicki. (Attachments: # 1 Exhibit Proposed Order)(Levy, Mark) (Entered: 03/10/2020) |
| 03/11/2020 | 47 | PROOF of service by Securities and Exchange Commission (Johnson, Alise) (Entered: 03/11/2020) |
| 03/11/2020 | 48 | **ORDER GRANTING IN PART 43 Defendant Barry M. Rybicki's Motion to Modify Asset Freeze to Permit Access to Funds for Legal Defense Costs. See Order for details. Signed by Judge Mary S. Scriven on 3/11/2020. (GMD) (Entered: 03/11/2020)** |
| 03/11/2020 | 49 | **ENDORSED ORDER GRANTING 46 Defendant Barry M. Rybicki's Agreed Motion for Enlargement of Time to Serve Response to Plaintiff's Complaint. Defendant Barry M. Rybicki shall have up to and including April 10, 2020 to file an answer or otherwise respond to the Complaint. Signed by Judge Mary S. Scriven on 3/11/2020. (GMD) (Entered: 03/11/2020)** |
| 03/12/2020 | 50 | MOTION for Extension of Time to File Response/Reply as to 1 Complaint by Brian Davison. (Attachments: # 1 Text of Proposed Order)(Davis, Gerald) (Entered: 03/12/2020) |
| 03/12/2020 | 51 | **ENDORSED ORDER GRANTING 50 Defendant Brian Davison's Agreed Motion for Enlargement of Time to Serve Response to Plaintiff's Complaint. Defendant Brian Davison shall have up to and including May 1, 2020 to file its answer or otherwise respond to the Complaint. Signed by Judge Mary S. Scriven on 3/12/2020. (GMD) (Entered: 03/12/2020)** |
| 03/13/2020 | 52 | Unopposed MOTION for Miscellaneous Relief, specifically for Entry of Proposed Agreed Order Extending and Modifying Asset Freeze by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order - Agreed Order Modifying Asset Freeze)(Johnson, Alise) (Entered: 03/13/2020) |
| 03/16/2020 | 54 | **ORDER GRANTING 52 Joint Motion for Entry of Proposed Agreed Order Extending and Modifying Asset Freeze as to Defendant Brian Davison. See Order for details. Signed by Judge Mary S. Scriven on 3/16/2020. (GMD) (Entered: 03/16/2020)** |
| 03/18/2020 | 55 | CERTIFICATE of interested persons and corporate disclosure statement re 39 Interested persons order by Barry M. Rybicki. (Levy, Mark) (Entered: 03/18/2020) |
| 03/18/2020 | 56 | NOTICE of pendency of related cases re 38 Related case order and track 2 notice per Local Rule 1.04(d) by Barry M. Rybicki. Related case(s): yes (Levy, Mark) (Entered: 03/18/2020) |
| | | |

| | | |
|---|---|---|
| 03/18/2020 | 57 | CERTIFICATE of interested persons and corporate disclosure statement re 39 Interested persons order by Brian Davison. (Davis, Gerald) (Entered: 03/18/2020) |
| 03/19/2020 | 58 | Consent MOTION for Transcript of agreed motion to unseal court transcript held on February 13, 2020 *agreed* by Brian Davison. (Attachments: # 1 Text of Proposed Order) (Davis, Gerald) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 03/19/2020) |
| 03/19/2020 | 59 | **ORDER concerning Jury Trials and Other Proceedings in re: Coronavirus Public Emergency. Signed by Judge Mary S. Scriven on 3/19/2020. (SMS) (Entered: 03/19/2020)** |
| 03/20/2020 | 60 | **ENDORSED ORDER GRANTING 58 Agreed Motion Motion for Transcript of sealed proceedings. The transcript (the "Transcript") of the hearing held before this Court on February 13, 2020 (the "Hearing"), on Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order, Asset Freeze, and Other Injunctive Relief 4 and Plaintiff's Emergency Ex Parte Motion for Appointment of Receiver 6, is hereby unsealed for the limited purpose of permitting the Court Reporter present at the Hearing to provide Defendants Davison and Rybicki with a copies of the Transcript upon payment to the Court Reporter of all associated costs and fees. Signed by Judge Mary S. Scriven on 3/20/2020. (Scriven, Mary) (Entered: 03/20/2020)** |
| 03/20/2020 | 61 | MOTION for Miscellaneous Relief, specifically to Approve Engagement of Real Estate Valuation Consultant - Coldwell Banker by Burton W. Wiand. (Attachments: # 1 Exhibit A - Proposed Engagement Agreement, # 2 Exhibit B - Davison Position on Coldwell Banker Motion)(Donlon, Katherine) (Entered: 03/20/2020) |
| 03/23/2020 | 62 | TRANSCRIPT of motion hearing held on February 13, 2020 before District Judge Mary S. Scriven. Court Reporter David J. Collier,Telephone number (813) 301-5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 4/13/2020, Redacted Transcript Deadline set for 4/23/2020, Release of Transcript Restriction set for 6/22/2020. (DJC) (Entered: 03/23/2020) |
| 03/23/2020 | 63 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT of February 13, 2020 motion hearing. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: David Collier. (DJC) (Entered: 03/23/2020) |
| 03/24/2020 | 64 | Unopposed MOTION for Miscellaneous Relief, specifically for Entry of Proposed Agreed Order Modifying Asset Freeze by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order - Agreed Order Modifying Asset Freeze) (Johnson, Alise) (Entered: 03/24/2020) |
| 03/26/2020 | 65 | **ORDER GRANTING 64 Plaintiff's Request for Entry of Proposed Agreed Order Extending and Modifying Asset Freeze. Signed by Judge Mary S. Scriven on 3/26/2020. (GMD) (Entered: 03/26/2020)** |
| 03/27/2020 | 66 | **ORDER DIRECTING the Parties to file a joint motion to lift the stay, if that is their collective preference, within seven (7) days of the date of this Order. Otherwise, all deadlines, including the deadline for Defendant Davison to respond to the Motion, will remain stayed until the Court's March 19, 2020 stay has been lifted, and the** |

| | | |
|---|---|---|
| | | Court will reserve its ruling on the Motion until that time. See Order for details. Signed by Judge Mary S. Scriven on 3/27/2020. (GMD) (Entered: 03/27/2020) |
| 03/31/2020 | 67 | MOTION for Howard A. Fischer to appear pro hac vice *Specially as Counsel of Record and Written Designation to Act* by Brian Davison. (Davis, Gerald) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 03/31/2020) |
| 03/31/2020 | 68 | NOTICE by Brian Davison *of Non-Resident Attorney Howard A. Fischer and Designation of Florida Counsel and Consent-to-Act Pursuant to Local Rule 2.02* (Davis, Gerald) (Entered: 03/31/2020) |
| 04/01/2020 | 69 | **ENDORSED ORDER granting 67 Motion to Appear Pro Hac Vice. Attorney Howard A. Fischer may appear pro hac vice on behalf of Defendant Brian Davison, with Attorney Gerald D. Davis designated as local counsel pursuant to Local Rule 2.02(a). Within twenty-one (21) days of the date of this Order, counsel shall comply with the fee and electronic filing requirements and file a notice of compliance with said requirements. Signed by Magistrate Judge Anthony E. Porcelli on 4/1/2020. (JMF) (Entered: 04/01/2020)** |
| 04/01/2020 | 70 | NOTICE of Appearance by Adam Seth Fels on behalf of Barry M. Rybicki (Fels, Adam) (Entered: 04/01/2020) |
| 04/02/2020 | 71 | MOTION for Brinkley Morgan and Mark A. Levy to Withdraw as Attorney by Barry M. Rybicki. (Levy, Mark) (Entered: 04/02/2020) |
| 04/02/2020 | 72 | MOTION for Sidley Austin LLP, Stephen L. Cohen and David M. Rody to Withdraw as Attorney by Barry M. Rybicki. (Levy, Mark) (Entered: 04/02/2020) |
| 04/03/2020 | | ***PRO HAC VICE FEES paid by attorney Howard Fischer, appearing on behalf of Brian Davison (Filing fee $150 receipt number TPA060607.) Related document: 67 MOTION for Howard A. Fischer to appear pro hac vice *Specially as Counsel of Record and Written Designation to Act*. (JLD) (Entered: 04/03/2020) |
| 04/06/2020 | 73 | **ORDER GRANTING 71 Brinkley Morgan's Unopposed Motion to Withdraw as Counsel of Record for Defendant Barry M. Rybicki. The Clerk is directed to TERMINATE Mark Andrew Levy, of the law firm Brinkley Morgan, as counsel of record and recipient of filings for Defendant Barry M. Rybicki. Signed by Judge Mary S. Scriven on 4/6/2020. (GMD) (Entered: 04/06/2020)** |
| 04/06/2020 | 74 | **ORDER GRANTING 72 Sidley Austin's Unopposed Motion to Withdraw as Counsel of Record for Defendant Barry M. Rybicki. The Clerk is directed to TERMINATE Stephen L. Cohen and David M. Rody, of the law firm Sidley Austin LLP, as counsel of record and recipient of filings for Defendant Barry M. Rybicki. Signed by Judge Mary S. Scriven on 4/6/2020. (GMD) (Entered: 04/06/2020)** |
| 04/07/2020 | 75 | Second MOTION for Extension of Time to File Answer *(Agreed)* by Barry M. Rybicki. (Attachments: # 1 Text of Proposed Order)(Fels, Adam) (Entered: 04/07/2020) |
| 04/09/2020 | 76 | Unopposed MOTION for Miscellaneous Relief, specifically to Approve Retention of PDR CPAs by Burton W. Wiand. (Attachments: # 1 Exhibit A)(Donlon, Katherine) (Entered: 04/09/2020) |
| 04/10/2020 | 77 | Second MOTION for Extension of Time to File Answer *(Agreed)* by Brian Davison. (Attachments: # 1 Text of Proposed Order)(Davis, Gerald) (Entered: 04/10/2020) |
| 04/10/2020 | 78 | NOTICE of withdrawal of motion by Barry M. Rybicki re 75 Second MOTION for Extension of Time to File Answer *(Agreed)* filed by Barry M. Rybicki. (Fels, Adam) (Entered: 04/10/2020) |
| | | |

| 04/14/2020 | 79 | **ENDORSED ORDER DENYING AS MOOT 77 Defendant Brian Davison's Second Agreed Motion for Enlargement of Time to Serve Response to Plaintiff's Complaint. In light of the stay imposed by the Court's March 19, 2020 Order Concerning Jury Trials and Other Proceedings in re: Coronavirus Public Emergency, (Dkt. 59), all deadlines in this case have been STAYED. The new response date for both Defendants is June 15, 2020, or fifteen (15) days from any extended date that may be imposed by extension of the Court's Order, whichever is later. If the Parties collectively prefer to lift the stay, they must file a joint motion to that effect as previously directed. Signed by Judge Mary S. Scriven on 4/14/2020. (GMD) (Entered: 04/14/2020)** |
| 04/28/2020 | | Sealed Document S-80. (BES) (Entered: 04/29/2020) |
| 04/30/2020 | 81 | MOTION to Modify 11 Order on Motion to Appoint Receiver by Brian Davison. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(Davis, Gerald) (Entered: 04/30/2020) |
| 05/05/2020 | 82 | Unopposed MOTION for Miscellaneous Relief, specifically For Entry of Proposed Agreed Order Extending and Modifying Asset Freeze by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order - Agreed Order Modifying Asset Freeze)(Johnson, Alise) (Entered: 05/05/2020) |
| 05/08/2020 | 83 | **ORDER GRANTING 82 the Agreed Order Extending and Modifying Asset Freeze as to Defendant Barry Rybicki. See Order for details. Signed by Judge Mary S. Scriven on 5/8/2020. (GMD) (Entered: 05/08/2020)** |
| 05/08/2020 | 84 | STATUS report *Receiver's First Interim Report* by Burton W. Wiand. (Attachments: # 1 Exhibit A - Schedule of BR Support Summary of Sources, # 2 Exhibit B - Schedules Showing Payments to Sears, # 3 Exhibit C - Account Statements, # 4 Exhibit D - Schedule of Cash Flows, # 5 Exhibit E - Analysis of Transfers for Benefit of EquiAlt SIP REIT, # 6 Exhibit F - EquiAlt Secured Portfolio Income REIT, Inc. - Cash Flow, # 7 Exhibit G - EquiAlt Qualified Opportunity Zone Fund LP - Cash Flow, # 8 Exhibit H - Schedule of Movement of Properties, # 9 Exhibit I - Diagram of Movement of Properties, # 10 Exhibit J - Analysis of Fees Charges by EquiAlt LLC to EquiAlt Funds, # 11 Exhibit K - Analysis of Fees Source, # 12 Exhibit L - EquiAlt Fund, LLC - Balance Sheets, # 13 Exhibit M - EquiAlt Fund II, LLC - Balance Sheets, # 14 Exhibit N - EA SIP, LLC - Balance Sheets, # 15 Exhibit O - BR Support - Uses - By Amount, # 16 Exhibit P - Rybicki Distributions, # 17 Exhibit Q - Rybicki Properties, # 18 Exhibit R - Payments to Davison and Related Parties, # 19 Exhibit S - Summary of Payments to David Davison and Related Persons, # 20 Exhibit T - McDonald Rev. Living Trust - Sources and Uses - Alphabetically, # 21 Exhibit U - 128 Biscayne & 305 Bosphorous, # 22 Exhibit V - 128 Biscayne & 305 Bosphorous Diagram, # 23 Exhibit W - 21 West 20th, # 24 Exhibit X - 2101 W. Cypress St, # 25 Exhibit Y - Pagani Purchase, # 26 Exhibit Z - Pagani Payoff Email, # 27 Exhibit AA - Davison ML Financial Statement, # 28 Exhibit BB - Audemars Piguet Purchase, # 29 Exhibit CC - Sotheby's Private Sale Agreement, # 30 Exhibit DD - EquiAlt et al Fund Accounting Reports 3.31.20)(Donlon, Katherine) (Entered: 05/08/2020) |
| 05/11/2020 | 85 | **ENDORSED ORDER GRANTING 76 Receiver's Unopposed Motion to Approve Retention of PDR. PDR's role shall be limited to internal Receivership accounting, financial reporting, tax preparation and filing, and internal accounting for EquiAlt. To maintain accountability, the Receiver shall, within seven (7) days of the date of this Order, advise the Court of the maximum number of hours anticipated by to be incurred PDR. Should it become apparent that PDR's hours will exceed the anticipated maximum the Receiver shall file a motion to that effect. The prosed** |

| | | |
|---|---|---|
| | | rates are approved: Partner/Principal: $320; Manager $210; Senior $180; Staff $125. Signed by Judge Mary S. Scriven on 5/11/2020. (GMD) (Entered: 05/11/2020) |
| 05/12/2020 | 86 | **ENDORSED ORDER DIRECTING A RESPONSE TO DOCKET 81.** **Notwithstanding the Court's Order Concerning Jury Trials and Other Proceedings in re: Coronavirus Public Emergency, (Dkt. 59), the Receiver shall respond to Defendant Brian Davison's Application to Clarify Scope of Receivership, (Dkt. 81), on or before May 19, 2020. Signed by Judge Mary S. Scriven on 5/12/2020. (GMD)** (Entered: 05/12/2020) |
| 05/18/2020 | 87 | RESPONSE re 85 Order on Motion for Miscellaneous Relief *Regarding PDR* filed by Burton W. Wiand. (Donlon, Katherine) (Entered: 05/18/2020) |
| 05/18/2020 | 88 | MOTION for Attorney Fees *Receiver's First* by Burton W. Wiand. (Attachments: # 1 Exhibit 1 - Fund Accounting Report, # 2 Exhibit 2 - Receiver's 1st Interim Report Part 1, # 3 Exhibit 2 - Receiver's 1st Interim Report Part 2, # 4 Exhibit 3 - SEC Davison - Receiver, # 5 Exhibit 4 - Categorization and Summary of all Costs for WGK, # 6 Exhibit 5 - Attorney Fee Schedule, # 7 Exhibit 6 - SEC Davison - Legal Team, # 8 Exhibit 7 - Yip Associates, # 9 Exhibit 8 - PDR CPAs, # 10 Exhibit 9 - E-Hounds, Inc., # 11 Exhibit 10 - RWJ Group, LLC, # 12 Exhibit 11 - Freeborn & Peters LLP, # 13 Exhibit 12 - Baskin Richards, # 14 Exhibit 13 - Digital Acuity, # 15 Exhibit 14 - Proposed Order)(Donlon, Katherine) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 05/18/2020) |
| 05/19/2020 | 89 | **ORDER Concerning Civil Cases: Case Management and Scheduling Orders. Signed by Judge Mary S. Scriven on 5/19/2020. (KE)** (Entered: 05/19/2020) |
| 05/19/2020 | 90 | MOTION for Miscellaneous Relief, specifically to Expand Receivership by Burton W. Wiand. (Attachments: # 1 Exhibit A - Declaration of Burton W. Wiand)(Donlon, Katherine) (Entered: 05/19/2020) |
| 05/19/2020 | 91 | RESPONSE in Opposition re 81 MOTION to Modify 11 Order on Motion to Appoint Receiver filed by Burton W. Wiand. (Donlon, Katherine) (Entered: 05/19/2020) |
| 05/20/2020 | 92 | NOTICE OF INTENT TO CONDUCT HEARING BY ZOOM VIDEO CONFERENCE: TAKE NOTICE that a SHOW CAUSE hearing will be held by video conference (Zoom) on JUNE 16, 2020 at 1:30 PM before Judge Mary S. Scriven. The Court has set aside two (2) hours for the hearing. All pertinent parties will receive an invitation to the hearing via email. (SRC) (Entered: 05/20/2020) |
| 05/20/2020 | 93 | MOTION for Miscellaneous Relief, specifically Motion for Clarification *Non-Party, Bank of America, N.A.'s Motion for Clarification* by Bank of America, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Braverman, Jaimee) Modified on 5/20/2020 added relationship to 10 Order 31 Order 81 Motion 84 Status 90 Motion and 91 Response (BES). (Entered: 05/20/2020) |
| 05/20/2020 | 94 | NOTICE of *LIMITED NOTICE OF APPEARANCE AND REQUEST FOR SERVICE OF PAPERS* Appearance by Jaimee L. Braverman on behalf of Bank of America, N.A. (Braverman, Jaimee) (Entered: 05/20/2020) |
| 05/20/2020 | 95 | NOTICE of compliance re 93 MOTION for Miscellaneous Relief, specifically Motion for Clarification *Non-Party, Bank of America, N.A.'s Motion for Clarification NON-PARTY, BANK OF AMERICA, N.A.'S NOTICE OF COMPLIANCE WITH LOCAL RULE 3.01(G) WITH RESPECT TO BANK OF AMERICA, N.A.'S MOTION FOR CLARIFICATION [ECF 93]* by Bank of America, N.A. (Braverman, Jaimee) (Entered: 05/20/2020) |
| 05/20/2020 | 96 | MOTION for Miscellaneous Relief, specifically for Return of Deposits Paid to Audemar Piguet A/K/A SIMWEST, Inc. by Burton W. Wiand. (Attachments: # 1 Exhibit 1, # 2 |

| | | |
|---|---|---|
| | | Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7) (Donlon, Katherine) (Entered: 05/20/2020) |
| 05/20/2020 | 97 | RESPONSE re 88 MOTION for Attorney Fees *Receiver's First Response to Application Regarding Fees Incurred by Receiver* filed by Brian Davison. (Attachments: # 1 Exhibit) (Davis, Gerald) (Entered: 05/20/2020) |
| 05/21/2020 | 98 | NOTICE of TELEPHONIC HEARING on motions (re: 81, 93, 90) The Court sets this hearing sua sponte to address the interim appointment of a managing entity to oversee the QOZ entities and the REIT until the Court can address the more substantive issue of including these entities in the Receivership. Motion Hearing set for 5/21/2020 at 10:30 AM. The parties are directed to call the reserved conference toll-free number at 1-888-684-8852. The Clerk will email the parties the access code. Enter the access code followed by the #(pound) key. This conference will be activated 5 minutes prior to the hearing start time so the hearing may start promptly at 10:30 AM. (KAC) (Entered: 05/21/2020) |
| 05/21/2020 | 99 | Minute Entry. Proceedings held before Judge Mary S. Scriven: TELEPHONIC MOTION HEARING held on 5/21/2020 re: 93 MOTION for Miscellaneous Relief, specifically Motion for Clarification *Non-Party, Bank of America, N.A.'s Motion for Clarification* filed by Bank of America, N.A., 81 MOTION to Modify 11 Order on Motion to Appoint Receiver filed by Brian Davison, 90 MOTION for Miscellaneous Relief, specifically to Expand Receivership filed by Burton W. Wiand. Court Reporter: Rebekah Lockwood (KAC) (Entered: 05/21/2020) |
| 05/21/2020 | 100 | NOTICE of Appearance by Robert Max McKinley on behalf of Burton W. Wiand (McKinley, Robert) (Entered: 05/21/2020) |
| 05/26/2020 | 101 | **ORDER GRANTING 93 Non-Party, Bank of America, N.A.'s Motion for Clarification to the extent set forth herein. See Order for details. Signed by Judge Mary S. Scriven on 5/26/2020. (APF) (Entered: 05/26/2020)** |
| 05/26/2020 | 102 | NOTICE by Burton W. Wiand (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Donlon, Katherine) (Entered: 05/26/2020) |
| 05/28/2020 | 103 | Unopposed MOTION to Continue *June 16, 2020 Show Cause Hearing* by Barry M. Rybicki. (Attachments: # 1 Exhibit A -- Proposed Order)(Fels, Adam) (Entered: 05/28/2020) |
| 06/02/2020 | 104 | **ENDORSED ORDER GRANTING 103 Defendant Rybicki's Unopposed Motion for Continuance of June 16, 2020 Show Cause Hearing. The SHOW CAUSE HEARING in this matter is rescheduled for Thursday, July 16, 2020 at 1:30 PM in Tampa Courtroom 7 A before the Honorable Mary S. Scriven. The Court has set aside two (2) hours for this hearing. Signed by Judge Mary S. Scriven on 6/2/2020. (GMD) (Entered: 06/02/2020)** |
| 06/02/2020 | 105 | RESPONSE in Opposition re 90 MOTION for Miscellaneous Relief, specifically to Expand Receivership filed by Brian Davison. (Attachments: # 1 Exhibit, # 2 Exhibit) (Davis, Gerald) (Entered: 06/02/2020) |
| 06/05/2020 | 106 | NOTICE of telephonic hearing on motion re 88 MOTION for Attorney Fees *Receiver's First*. Telephonic Motion Hearing set for 6/17/2020 at 10:30 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. The parties shall appear telephonically at the hearing by calling toll-free number 1-888-684-8852 on the day of the hearing and entering access code 8895301 followed by security code 0617 when prompted.(JMF) (Entered: 06/05/2020) |
| 06/11/2020 | 107 | NOTICE OF RESCHEDULING HEARING: The Telephonic Motion Hearing previously |

| | | |
|---|---|---|
| | | scheduled for 6/17/2020 is rescheduled. New scheduling date and time: Telephonic Motion Hearing set for 6/16/2020 at 02:30 PM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. The parties shall appear telephonically at the hearing by calling toll-free number 1-888-684-8852 on the day of the hearing and entering access code 8895301 followed by security code 0616 when prompted. The parties should note the new security code for the hearing.(JMF) (Entered: 06/11/2020) |
| 06/12/2020 | 108 | Consent MOTION for Extension of Time to File Response/Reply as to 1 Complaint by Brian Davison. (Attachments: # 1 Text of Proposed Order)(Davis, Gerald) (Entered: 06/12/2020) |
| 06/12/2020 | 109 | MOTION for Miscellaneous Relief, specifically to Approve the Sale of Personal Property - Luxury Vehicles by Burton W. Wiand. (Attachments: # 1 Exhibit 1 - Proposed Order) (Donlon, Katherine) (Entered: 06/12/2020) |
| 06/15/2020 | 110 | **ENDORSED ORDER GRANTING IN PART 108 Defendant Brian Davison's Agreed Motion for Enlargement of Time to Serve Response to Plaintiff's Complaint. Both Defendants shall have up to and including July 14, 2020 to file an answer or otherwise respond to the Complaint. Signed by Judge Mary S. Scriven on 6/15/2020. (GMD) (Entered: 06/15/2020)** |
| 06/16/2020 | 112 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: MOTION HEARING held on 6/16/2020 re 88 MOTION for Attorney Fees *Receiver's First* filed by Burton W. Wiand. (digital) (LV) (Entered: 06/17/2020) |
| 06/16/2020 | 114 | ORAL MOTION for Miscellaneous Relief, specifically requesting that all quarterly petitions be posted on the receivership website to provide notification to investors by Brian Davison. (LV) (Entered: 06/17/2020) |
| 06/16/2020 | 115 | **ORAL ORDER granting 114 Motion requesting that all quarterly petitions be posted on the receivership website to provide notification to investors. Signed by Magistrate Judge Anthony E. Porcelli on 6/16/2020. (LV) (Entered: 06/17/2020)** |
| 06/17/2020 | 111 | MOTION to Modify 54 Order on Motion for Miscellaneous Relief *to Modify Agreed Order Modifying Asset Freeze* by Brian Davison. (Attachments: # 1 Text of Proposed Order)(Davis, Gerald) (Entered: 06/17/2020) |
| 06/17/2020 | 116 | NOTICE of Appearance by Carmen Contreras-Martinez on behalf of Ferrari Financial Services, Inc. (Contreras-Martinez, Carmen) (Entered: 06/17/2020) |
| 06/17/2020 | 117 | Unopposed MOTION for Miscellaneous Relief, specifically for Entry of Proposed Agreed Order Extending and Modifying Asset Freeze by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order)(Johnson, Alise) (Entered: 06/17/2020) |
| 06/18/2020 | 118 | MOTION to Dismiss for Failure to State a Claim by Barry M. Rybicki. (Attachments: # 1 Exhibit A, PPM for Fund II, # 2 Exhibit B, PPM for Fund I)(Fels, Adam) (Entered: 06/18/2020) |
| 06/19/2020 | 119 | NOTICE of withdrawal of motion by Securities and Exchange Commission re 117 Unopposed MOTION for Miscellaneous Relief, specifically for Entry of Proposed Agreed Order Extending and Modifying Asset Freeze filed by Securities and Exchange Commission (Johnson, Alise) (Entered: 06/19/2020) |
| 06/22/2020 | 120 | Unopposed MOTION for Miscellaneous Relief, specifically For Entry of Proposed Agreed Order Extending and Modifying Asset Freeze by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order)(Johnson, Alise) (Entered: 06/22/2020) |
| | | |

| 06/26/2020 | 121 | Unopposed MOTION for Miscellaneous Relief, specifically to Approve Retention of Counsel - Johnson Pope by Burton W. Wiand. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Donlon, Katherine) (Entered: 06/26/2020) |
|---|---|---|
| 06/26/2020 | 122 | SUPPLEMENT re 88 MOTION for Attorney Fees *Receiver's First* by Burton W. Wiand. (Attachments: # 1 Exhibit 1 - Wiand Proposal, # 2 Exhibit 2 - Receiver's Invoices, # 3 Exhibit 3 - WGK Invoices, # 4 Exhibit 4 - Stines CV, # 5 Exhibit 5 - Freeborn Invoices, # 6 Exhibit 6 - Baskin Biographies, # 7 Exhibit 7 - Baskin Richards Invoices Updated, # 8 Exhibit 8 - Supplement to Yip Invoices, # 9 Exhibit 9 - Yip Associates Updated, # 10 Exhibit 10 - PDR Invoices, # 11 Exhibit 11 - RWJ Biographies, # 12 Exhibit 12 - RWJ Group Invoices, # 13 Exhibit 13 - E-Hounds Invoices, # 14 Exhibit 14 - Digital Acuity Invoices)(Donlon, Katherine) (Entered: 06/26/2020) |
| 06/26/2020 | 123 | RESPONSE in Opposition re 109 MOTION for Miscellaneous Relief, specifically to Approve the Sale of Personal Property - Luxury Vehicles filed by Ferrari Financial Services, Inc.. (Contreras-Martinez, Carmen) (Entered: 06/26/2020) |
| 06/29/2020 | 124 | **ORDER GRANTING 120 the Joint Motion for Entry of Proposed Agreed Order Extending and Modifying Asset Freeze. See Order for details. Signed by Judge Mary S. Scriven on 6/29/2020. (GMD) (Entered: 06/29/2020)** |
| 06/30/2020 | 125 | MOTION for Parties to appear telephonically *via Web-Ex to hold their Rule 26(f) Conference* by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order)(Johnson, Alise) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 06/30/2020) |
| 06/30/2020 | 126 | **ENDORSED ORDER granting 125 Motion to Appear Telephonically. The parties may telephonically conduct their Rule 26(f) conference. Signed by Magistrate Judge Anthony E. Porcelli on 6/30/2020. (JMF) (Entered: 06/30/2020)** |
| 07/01/2020 | 127 | **ENDORSED ORDER GRANTING 121 Receiver's Unopposed Motion for Leave to Retain Counsel. The Receiver is authorized to retain the law firm of Johnson, Pope, Bokor, Ruppel & Burns, LLP, on a contingency basis, for the limited purpose of investigating and pursuing claims against law firms that provided services to EquiAlt and other Receivership entities. The Court approves the contingency fee arrangement attached to the Motion as Exhibit 1 and finds that arrangement to be fair and reasonable and in the best interests of the Receivership entities. Signed by Judge Mary S. Scriven on 7/1/2020. (GMD) (Entered: 07/01/2020)** |
| 07/01/2020 | 128 | NOTICE by Ferrari Financial Services, Inc. re 123 Response in Opposition to Motion (Attachments: # 1 Exhibit B Corrected)(Contreras-Martinez, Carmen) (Entered: 07/01/2020) |
| 07/01/2020 | 129 | RESPONSE in Opposition re 111 MOTION to Modify 54 Order on Motion for Miscellaneous Relief *to Modify Agreed Order Modifying Asset Freeze* filed by Securities and Exchange Commission. (Johnson, Alise) (Entered: 07/01/2020) |
| 07/01/2020 | 130 | Unopposed MOTION for Extension of Time to File Response/Reply as to 118 MOTION to Dismiss for Failure to State a Claim *and Allow Plaintiff to File an Amended Complaint in lieu of a Response by July 9, 2020* by Securities and Exchange Commission. (Johnson, Alise) (Entered: 07/01/2020) |
| 07/02/2020 | 131 | Consent MOTION to Continue *Show Cause Hearing* by Brian Davison. (Attachments: # 1 Text of Proposed Order)(Davis, Gerald) (Entered: 07/02/2020) |
| 07/02/2020 | 132 | Consent MOTION for Extension of Time to File Response/Reply as to 110 Order on Motion for Extension of Time to File Response / Reply by Brian Davison. (Attachments: # 1 Text of Proposed Order)(Davis, Gerald) (Entered: 07/02/2020) |

| 07/02/2020 | 133 | OBJECTION re 122 Supplement *to the First Quarterly Fee Application for Order Awarding Fees, Costs and Reimbursement of Costs to Receiver and His Professionals.* (Davis, Gerald) (Entered: 07/02/2020) |
| --- | --- | --- |
| 07/06/2020 | 134 | TRANSCRIPT of motion hearing held on June 16, 2020 before Magistrate Judge Anthony E. Porcelli. Transcriber David J. Collier, Telephone number (440) 525-3855. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 7/27/2020, Redacted Transcript Deadline set for 8/6/2020, Release of Transcript Restriction set for 10/5/2020. (DJC) (Entered: 07/06/2020) |
| 07/06/2020 | 135 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: David Collier. (DJC) (Entered: 07/06/2020) |
| 07/07/2020 | 136 | **ORDER GRANTING 130 Plaintiff's Motion for Extension of Time to File Its Response to Motion to Dismiss. Plaintiff shall have up to and including July 9, 2020 to respond to Defendant Rybicki's' Motion, which may include the filing of an amended complaint; GRANTING 132 Defendant Brian Davison's Agreed Motion for Extension of Time to Respond to Complaint. Both Defendants shall have thirty (30) days from the date Plaintiff files an amended complaint to file an answer or otherwise respond to it; GRANTING 131 the Parties' Agreed Motion for Continuance of Show Cause Hearing. The SHOW CAUSE HEARING previously scheduled for Thursday, July 16, 2020, at 1:30 p.m., is rescheduled for Friday, July 31, 2020 at 10:00 AM and will be conducted via Zoom video conference before the Honorable Mary S. Scriven. See Order for further details. Signed by Judge Mary S. Scriven on 7/7/2020. (GMD) (Entered: 07/07/2020)** |
| 07/08/2020 | 137 | Unopposed MOTION for Miscellaneous Relief, specifically Motion to Approve Private Sale of Real Property *22706 Gage Loop #39* by Burton W. Wiand. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Donlon, Katherine) (Entered: 07/08/2020) |
| 07/09/2020 | 138 | AMENDED COMPLAINT *For Injunctive and Other Relief* against 128 E. Davis Blvd, LLC, 2101 W. Cypress, LLC, 2112 W. Kennedy Blvd, LLC, 310 78TH Ave, LLC, 5123 E. Broadway Ave, LLC, 551 3D Ave S, LLC, 604 West Azeele, LLC, BNAZ, LLC, BR Support Services, LLC, Blue Waters TI, LLC, Bungalows TI, LLC, Capri Haven, LLC, Brian Davison, EA NY, LLC, EA SIP, LLC, Equialt 519 3RD Ave S., LLC, Equialt Fund II, LLC, Equialt Fund III, LLC, Equialt Fund, LLC, Equialt LLC, McDonald Revocable Living Trust, Barry M. Rybicki, Silver Sands TI, LLC, TB Oldest House Est. 1842, LLC with Jury Demand. filed by Securities and Exchange Commission.(Johnson, Alise) (Entered: 07/09/2020) |
| 07/13/2020 | 139 | NOTICE of Appearance by Chanel Rowe on behalf of Securities and Exchange Commission (Rowe, Chanel) (Entered: 07/13/2020) |
| 07/13/2020 | 140 | CASE MANAGEMENT REPORT. (Johnson, Alise) (Entered: 07/13/2020) |
| 07/15/2020 | 141 | **REPORT AND RECOMMENDATIONS re 122 Supplement filed by Burton W. Wiand, 88 MOTION for Attorney Fees *Receiver's First* filed by Burton W. Wiand. Signed by Magistrate Judge Anthony E. Porcelli on 7/15/2020. (JMF) (Entered: 07/15/2020)** |

| 07/15/2020 | 142 | **ORDER GRANTING 137 Receiver's Motion to Approve the Private Sale of Real Property - 22706 Gage Loop #39 in Land O'Lakes, Florida. See Order for details. Signed by Judge Mary S. Scriven on 7/15/2020. (GMD) (Entered: 07/15/2020)** |
|---|---|---|
| 07/17/2020 | 143 | **ORDER DIRECTING that the Parties shall have up to and including July 22, 2020 to file a motion to seal the proceeding or to exclude any persons or entities they wish to exclude from the upcoming show cause hearing. See Order for details. Signed by Judge Mary S. Scriven on 7/17/2020. (GMD) (Entered: 07/17/2020)** |
| 07/17/2020 | 144 | Unopposed MOTION for Miscellaneous Relief, specifically For Entry of Proposed Agreed Order Extending and Modifying Asset Freeze by Barry M. Rybicki. (Attachments: # 1 Text of Proposed Order)(Fels, Adam) (Entered: 07/17/2020) |
| 07/22/2020 | 145 | MOTION/NOTICE of *INVESTOR PLAINTIFFS' NOTICE OF SPECIAL APPEARANCE AND MOTION FOR CONFIRMATION OF UNIMPEDED RIGHT TO PROSECUTE INVESTOR CLAIMS* Appearance by Adam M. Moskowitz on behalf of INVESTOR PLAINTIFFS' (Moskowitz, Adam) Modified event type on 7/23/2020 (CTR). (Entered: 07/22/2020) |
| 07/22/2020 | 146 | MOTION for Alexandra P. Kolod to appear pro hac vice, Special Admission fee paid, Receipt No. 113A-17088806 for $150 by Brian Davison. (Davis, Gerald) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 07/22/2020) |
| 07/22/2020 | 147 | NOTICE by Brian Davison *of Non-Resident Attorney Alexandra P. Kolod and Designation of Florida Counsel and Consent-To-Act Pursuant to Local Rule 2.02* (Davis, Gerald) (Entered: 07/22/2020) |
| 07/22/2020 | 148 | NOTICE by Brian Davison re 147 Notice (Other) *of Special Admission Attorney Certification of Alexandra P. Kolod* (Davis, Gerald) (Entered: 07/22/2020) |
| 07/22/2020 | 149 | NOTICE re: 145 by INVESTOR PLAINTIFFS' *NOTICE OF FILING JOINT DECLARATION OF ADAM M. MOSKOWITZ, ANDREW S. FRIEDMAN, AND JEFFREY R. SONN IN SUPPORT OF INVESTOR PLAINTIFFS' MOTION FOR CONFIRMATION OF UNIMPEDED RIGHT TO PROSECUTE INVESTOR CLAIMS* (Attachments: # 1 Exhibit A, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Moskowitz, Adam) Modified text on 7/23/2020 (CTR). (Entered: 07/22/2020) |
| 07/23/2020 | 150 | NOTICE by Investor Plaintiffs' *OF FILING INVESTOR PLAINTIFFS' MOTION TO TRANSFER PURSUANT TO LOCAL RULE 1.04(b)* (Attachments: # 1 Appendix 1, # 2 Exhibit B)(Moskowitz, Adam) (Entered: 07/23/2020) |
| 07/24/2020 | 151 | MEMORANDUM in support re 138 Amended Complaint *of Injunctive and Other Relief and Motion For Adverse Inference* filed by Securities and Exchange Commission. (Johnson, Alise) (Entered: 07/24/2020) |
| 07/24/2020 | 152 | RESPONSE in Opposition re 3 MOTION for leave to file *Ps Motion for TRO 4* filed by Barry M. Rybicki. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Fels, Adam) (Entered: 07/24/2020) |
| 07/27/2020 | 153 | **ENDORSED ORDER granting 146 Motion to Appear Pro Hac Vice. Attorney Alexandra P. Kolod may appear pro hac vice on behalf of Defendant Brian Davison, with Attorney Gerald D. Davis designated as local counsel pursuant to Local Rule 2.02(a). Within twenty-one (21) days of the date of this Order, counsel shall comply with the fee and electronic filing requirements and file a notice of compliance with said requirements. Signed by Magistrate Judge Anthony E. Porcelli on 7/27/2020. (JMF) (Entered: 07/27/2020)** |
| 07/27/2020 | 154 | **ENDORSED ORDER DENYING AS MOOT 118 Defendant Barry M. Rybicki's Motion to Dismiss in light of the Plaintiff's having filed its First Amended** |

| | | |
|---|---|---|
| | | Complaint. (Dkt. 138) Signed by Judge Mary S. Scriven on 7/27/2020. (GMD) (Entered: 07/27/2020) |
| 07/27/2020 | 155 | **ORDER GRANTING 96 the Receiver's Motion for Return of Deposits Paid to Audemars Piguet (A/K/A SIMWEST INC.). Audemars Piguet (A/K/A SIMWEST INC.) is DIRECTED to remit the $310,000.00 paid to it by Brian Davison to the Receiver in this action within fourteen (14) days of the date of this Order. See Order for details. Signed by Judge Mary S. Scriven on 7/27/2020. (GMD)** (Entered: 07/27/2020) |
| 07/27/2020 | 156 | **ORDER GRANTING 109 the Receiver's Motion to Approve Sale of Personal Property (Luxury Vehicles). The Court takes Ferrari Financial Services Limited Objection, (Dkt. 123), UNDER ADVISEMENT and will address Ferrari's demands for attorneys' fees and costs by separate Order. The Receiver is DIRECTED to set aside the $3400.00 Ferrari seeks in attorneys' fees and costs into an escrow account within three (3) business days of the sale of each vehicle. See Order for details. Signed by Judge Mary S. Scriven on 7/27/2020. (GMD)** (Entered: 07/27/2020) |
| 07/28/2020 | 157 | **ORDER GRANTING 144 AGREED ORDER MODIFYING ASSET FREEZE as to Defendant Barry Rybicki. See Order for details. Signed by Judge Mary S. Scriven on 7/28/2020. (GMD)** Modified on 7/29/2020. (GMD) (Entered: 07/28/2020) |
| 07/28/2020 | 158 | NOTICE by Burton W. Wiand *Of Publication Regarding the Sale of 22706 Gage Loop #39 in Land O'Lakes, Florida* (Attachments: # 1 Exhibit A)(Donlon, Katherine) (Entered: 07/28/2020) |
| 07/29/2020 | 159 | Unopposed MOTION for Miscellaneous Relief, specifically for Entry of Proposed Agreed Order Extending and Modifying Asset Freeze by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order)(Johnson, Alise) (Entered: 07/29/2020) |
| 07/29/2020 | 160 | MEMORANDUM in opposition re 10 Order on Motion for Temporary Restraining Order filed by Brian Davison. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Davis, Gerald) (Entered: 07/29/2020) |
| 07/29/2020 | 161 | **ENDORSED ORDER: Public Requests for Remote Access to attend the Show Cause Hearing scheduled in this matter for Friday, July 31, 2020, at 10:00 AM must be submitted through the form located on the United States District Court's Middle District of Florida webpage (https://www.flmd.uscourts.gov/webforms/request-remote-access-courtroom-proceedings-press-and-public). Requests made after 2:00 PM on Thursday, July 30, 2020, will not be honored. You are hereby reminded that under Local Rule 4.11(b) the taking of photographs, the operation of recording or transmission devices, and the broadcasting or televising of proceedings in any courtroom or hearing room of this Court, or the environs thereof, either while the Court is in session or at recesses between sessions when Court officials, lawyers, jurors, witnesses or other persons connected with judicial proceedings of any kind are present, are prohibited. Additionally, please dress appropriately for the hearing and DO NOT share the hearing password with anyone. FAILURE TO ADHERE TO THESE LIMITATIONS MAY RESULT IN SANCTIONS. Signed by Judge Mary S. Scriven on 7/29/2020. (KAC)** (Entered: 07/29/2020) |
| 07/30/2020 | 162 | MOTION for Miguel M. Cordano to appear telephonically *MOTION FOR REMOTE ACCESS ON SHOW CAUSE HEARING SCHEDULED FOR JULY 31, 2020 AT 10:A.M.* by Bank of America, N.A.. (Cordano, Miguel) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 07/30/2020) |
| 07/30/2020 | 163 | NOTICE of *SPECIAL* Appearance by Adam A. Schwartzbaum on behalf of Investor |

| | | |
|---|---|---|
| | | Plaintiffs' (Schwartzbaum, Adam) (Entered: 07/30/2020) |
| 07/30/2020 | 164 | NOTICE by Burton W. Wiand re 160 Memorandum in opposition (Attachments: # 1 Exhibit 1 - Declaration of Robert Rohr, # 2 Exhibit 2 - Declaration of Maria Yip, # 3 Exhibit 3 - Declaration of Tony Kelly Part 1, # 4 Exhibit 3 - Declaration of Tony Kelly Part 2)(Donlon, Katherine) (Entered: 07/30/2020) |
| 07/30/2020 | 165 | **ENDORSED ORDER DENYING AS MOOT 162 Non-Party, Bank of America, N.A.'s Motion for Remote Access on Show Cause Hearing Scheduled for July 31, 2020 at 10:00 A.M. In light of the July 29th and July 30th requests from Bank of America, N.A.'s counsel to join the zoom hearing via the Middle District of Florida's Request for Remote Access to Courtroom Proceeding form, this Motion is now moot. Attorneys Miguel M. Cordano and Jaimee L. Braverman will receive the Zoom hearing login information via email from the Courtroom Deputy. Signed by Judge Mary S. Scriven on 7/30/2020. (GMD) (Entered: 07/30/2020)** |
| 07/30/2020 | 166 | **ENDORSED ORDER ADVISING that the Receiver's counsel has submitted an email request to the Courtroom Deputy (CRD) stating the following: "Given the issues raised in Mr. Davison's untimely opposition filed today, the SEC and the Receiver would also like for the Receiver's forensic accountant, Maria Yip, to be able to attend the hearing. It is not anticipated that [she] would be testifying, but will be available to answer any questions the Court may have. Her email address is [...]. Thank you." The Court will permit the forensic accountant to occupy one of the limited spaces available on the videoconference hearing. Ms. Yip will receive the Zoom hearing login information via email from the Courtroom Deputy. In the future, however, any substantive requests or communications concerning any substantive argument or any viewpoint about the timeliness of any pleading should be made by virtue of a motion and not an ex parte, non-public communication with the Court through any of its staff. The type of correspondence that would have sufficed as proper communication with staff in this instance should have been a straightforward request from counsel to the CRD to please include the forensic accountant on the roster of hearing participants; no further editorializing was necessary or appropriate. Signed by Judge Mary S. Scriven on 7/30/2020. (GMD) (Entered: 07/30/2020)** |
| 07/31/2020 | 167 | Minute Entry. Proceedings held before Judge Mary S. Scriven: SHOW CAUSE MOTION HEARING held on 7/31/2020. Court Reporter: David Walker-Collier (KAC) (Entered: 08/03/2020) |
| 08/05/2020 | 168 | NOTICE by Burton W. Wiand *RECEIVER'S NOTICE OF LACK OF BONA FIDE OFFERS REGARDING THE SALE OF 22706 GAGE LOOP #39 IN LAND O'LAKES, FLORIDA* (Donlon, Katherine) (Entered: 08/05/2020) |
| 08/06/2020 | 169 | NOTICE by Burton W. Wiand re 167 Show Cause HearingMotion Hearing *Receiver's Notice of Filing Information Related to Sales Activity in February 2020* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Donlon, Katherine) (Entered: 08/06/2020) |
| 08/07/2020 | 170 | MOTION for Miscellaneous Relief, specifically Approve Private Sale of Real Property - 6346 Newtown Circle #46A3, Tampa, Florida by Burton W. Wiand. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Donlon, Katherine) (Entered: 08/07/2020) |
| 08/07/2020 | 171 | **ORDER GRANTING 159 ORDER MODIFYING ASSET FREEZE as to Defendant Barry Rybicki. See Order for details. Signed by Judge Mary S. Scriven on 8/7/2020. (GMD) (Entered: 08/07/2020)** |

| 08/07/2020 | 172 | **ORDER ADOPTING 141 Report and Recommendations; GRANTING AS STATED HEREIN 88 Receiver's First Quarterly Fee Application for Order Awarding Fees, Costs, and Reimbursement of Costs to Receiver and His Professionals. See Order for details. Signed by Judge Mary S. Scriven on 8/7/2020. (GMD)** Modified on 8/7/2020 (GMD) (Entered: 08/07/2020) |
|---|---|---|
| 08/07/2020 | 173 | TRANSCRIPT of motion hearing held on July 31, 2020 before District Judge Mary S. Scriven. Court Reporter David J. Collier, Telephone number (813) 301-5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 8/28/2020, Redacted Transcript Deadline set for 9/8/2020, Release of Transcript Restriction set for 11/5/2020. (DJC) (Entered: 08/07/2020) |
| 08/07/2020 | 174 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: David Collier. (813) 301-5575. (DJC) (Entered: 08/07/2020) |
| 08/10/2020 | 175 | **CASE MANAGEMENT AND SCHEDULING ORDER: Pretrial statement due by 1/14/2022. Jury Trial set for the March 2022 trial term, which commences on 2/28/2022, with a more precise date to follow. Signed by Judge Mary S. Scriven on 8/10/2020. (CRB)** (Entered: 08/10/2020) |
| 08/10/2020 | 176 | NOTICE by Burton W. Wiand *of Publication Regarding the Sale of 6346 Newtown Circle #46A3 in Tampa, Florida* (Attachments: # 1 Exhibit A)(Donlon, Katherine) (Entered: 08/10/2020) |
| 08/10/2020 | 177 | MOTION to Dismiss Amended Complaint by Brian Davison. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Davis, Gerald) (Entered: 08/10/2020) |
| 08/10/2020 | 178 | ANSWER and affirmative defenses with Jury Demand to 138 Amended Complaint by Barry M. Rybicki.(Fels, Adam) (Entered: 08/10/2020) |
| 08/11/2020 | 179 | STATUS report *The Receiver's Second Quarterly Status Report* by Burton W. Wiand. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (Donlon, Katherine) (Entered: 08/11/2020) |
| 08/12/2020 | 180 | Unopposed MOTION for Extension of Time to File Response/Reply as to 177 MOTION to Dismiss Amended Complaint by Securities and Exchange Commission. (Johnson, Alise) (Entered: 08/12/2020) |
| 08/13/2020 | 181 | RESPONSE re 169 Notice (Other) filed by Barry M. Rybicki. (Attachments: # 1 Exhibit 1 -- Aff. of James Gray)(Fels, Adam) (Entered: 08/13/2020) |
| 08/13/2020 | 182 | RESPONSE re 169 Notice (Other) *Defendant Brian Davison's Response to the Receiver's Post-Hearing Submission Regarding Sales Activity in February 2020* by Brian Davison. (Attachments: # 1 Exhibit 1)(Davis, Gerald) (Entered: 08/13/2020) |
| 08/14/2020 | 183 | MOTION for Miscellaneous Relief, specifically Approve Private Sale of Real Property - 1803 Brigadoon Drive, Clearwater, Florida by Burton W. Wiand. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Donlon, Katherine) (Entered: 08/14/2020) |
| 08/17/2020 | 184 | **ORDER GRANTING the Commission's request for entry of a preliminary injunction; WITHDRAWING AS STATED AT THE HEARING 61 the Receiver's** |

| | | |
|---|---|---|
| | | Motion to Approve Engagement of Real Estate Valuation Consultant, Specifically, Coldwell Banker; DENYING **81** Defendant Davison's Motion to Clarify Scope of Receivership; GRANTING **90** the Receiver's Motion to Expand Receivership; GRANTING AS STATED HEREIN **111** Defendant Davison's Motion to Modify Agreed Order Modifying Asset Freeze; and DENYING WITHOUT PREJUDICE **145** Investor Plaintiffs' Notice of Special Appearance and Motion for Confirmation of Unimpeded Right to Prosecute Investor Claims. The Commission is DIRECTED to file a proposed preliminary injunction Order within fourteen (14) days from the date of this Order.See Order for details. Signed by Judge Mary S. Scriven on 8/17/2020. (GMD) Modified on 8/18/2020 (GMD). (Entered: 08/17/2020) |
| 08/18/2020 | 185 | **ENDORSED ORDER GRANTING 180** Plaintiff's Unopposed Motion for Extension of Time to File Response to Defendant Brian Davison's Motion to Dismiss the Amended Complaint. Plaintiff shall have up to and including September 8, 2020 to respond to Defendant Davison's Motion. Signed by Judge Mary S. Scriven on 8/18/2020. (GMD) (Entered: 08/18/2020) |
| 08/20/2020 | 186 | MOTION for Attorney Fees *Receiver's Second* by Burton W. Wiand. (Attachments: # 1 Exhibit 1 - Fund Accounting Report, # 2 Exhibit 2 - 2nd Status Report, # 3 Exhibit 3 - Receiver, # 4 Exhibit 4 - WGK Rates, # 5 Exhibit 5 - WGK, # 6 Exhibit 6 - Yip, # 7 Exhibit 7 - PDR, # 8 Exhibit 8 - E-Hounds, # 9 Exhibit 9 - RWJ, # 10 Exhibit 10 - Freeborn, # 11 Exhibit 11 - Baskin)(Donlon, Katherine) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 08/20/2020) |
| 08/21/2020 | 187 | NOTICE by Burton W. Wiand re 176 Notice (Other) *Re: No Bona Fide Offers or Oppositions Filed* (Attachments: # 1 Exhibit A - Proposed Order)(Donlon, Katherine) (Entered: 08/21/2020) |
| 08/27/2020 | 188 | NOTICE by Burton W. Wiand *Receiver's Notice of Lack of Bona Fide Offers Regarding the Sale of 1803 Brigadoon Drive, Clearwater, FL* (Attachments: # 1 Exhibit A - Proposed Order)(Donlon, Katherine) (Entered: 08/27/2020) |
| 08/28/2020 | 189 | **ORDER GRANTING 170** the Receiver's Motion to Approve Private Sale of Real Property-6346 Newtown Circle #46A3, Tampa, Florida. Signed by Judge Mary S. Scriven on 8/28/2020. (GMD) (Entered: 08/28/2020) |
| 08/28/2020 | 190 | **ORDER GRANTING 183** the Receiver's Motion to Approve Private Sale of Real Property-1803 Brigadoon Drive, Clearwater, Florida. Signed by Judge Mary S. Scriven on 8/28/2020. (GMD) (Entered: 08/28/2020) |
| 08/31/2020 | 191 | NOTICE by Securities and Exchange Commission re 184 Order on Motion for Miscellaneous ReliefOrder on Motion to Amend / Correct / Modify / SupplementOrder on Motion for Hearing / Settlement Conference *Notice of Filing Proposed Preliminary Injunction, Asset Freeze and Other Injunctive Relief Order* (Attachments: # 1 Text of Proposed Order)(Johnson, Alise) (Entered: 08/31/2020) |
| 08/31/2020 | 192 | Joint MOTION for Miscellaneous Relief, specifically For Mediation Before a U.S. Magistrate Judge by Securities and Exchange Commission. (Johnson, Alise) (Entered: 08/31/2020) |
| 09/01/2020 | 193 | MOTION for Reconsideration re 184 Order on Motion for Miscellaneous ReliefOrder on Motion to Amend / Correct / Modify / SupplementOrder on Motion for Hearing / Settlement Conference by Brian Davison. (Davis, Gerald) (Entered: 09/01/2020) |
| 09/08/2020 | 194 | Unopposed MOTION for Miscellaneous Relief, specifically For Entry of Proposed Agreed Order Modifying Asset Freeze by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order - Agreed Order Modifying Asset Freeze) (Johnson, Alise) (Entered: 09/08/2020) |

| 09/08/2020 | 195 | RESPONSE to Motion re 177 MOTION to Dismiss Amended Complaint filed by Securities and Exchange Commission. (Johnson, Alise) (Entered: 09/08/2020) |
| 09/09/2020 | 196 | Verified MOTION for Miscellaneous Relief, specifically Approve Private Sale of Real Property - 4203 West Bay Villa Avenue, Tampa, Florida by Burton W. Wiand. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Donlon, Katherine) (Entered: 09/09/2020) |
| 09/15/2020 | 197 | RESPONSE in Opposition re 193 MOTION for Reconsideration re 184 Order on Motion for Miscellaneous ReliefOrder on Motion to Amend / Correct / Modify / SupplementOrder on Motion for Hearing / Settlement Order on Motion for Hearing / Settlement Conference filed by Securities and Exchange Commission. (Johnson, Alise) (Entered: 09/15/2020) |
| 09/17/2020 | 198 | NOTICE by Burton W. Wiand re 196 Verified MOTION for Miscellaneous Relief, specifically Approve Private Sale of Real Property - 4203 West Bay Villa Avenue, Tampa, Florida *Re: No Bona Fide Offers or Oppositions Filed* (Donlon, Katherine) (Entered: 09/17/2020) |
| 09/18/2020 | 199 | MOTION for Miscellaneous Relief, specifically Entry of Proposed Agreed Order Extending and Modifying Asset Freeze *and Notice of Filing* by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order)(Johnson, Alise) (Entered: 09/18/2020) |
| 09/23/2020 | 200 | **ORDER granting 196 Receiver's Verified Motion to Approve Private Sale of Real Property - 4203 West Bay Villa Avenue, Tampa, Florida. Signed by Judge Mary S. Scriven on 9/23/2020. (AKJ) (Entered: 09/23/2020)** |
| 09/24/2020 | 201 | **ORDER granting 194 Plaintiff's Notice of Filing and Request for Entry of Proposed Agreed Order Modifying Asset Freeze and 199 Plaintiff's Notice of Filing and Request for Entry of Proposed Agreed Order Extending and Modifying Asset Freeze. Signed by Judge Mary S. Scriven on 9/24/2020. (AKJ) (Entered: 09/24/2020)** |
| 09/30/2020 | 202 | **ORDER GRANTING 192 the Parties' Joint Request for Mediation Before U.S. Magistrate. This case is referred, with His Honor's consent, for a mediation conference before United States Magistrate Judge Anthony E. Porcelli at a time and location to be determined by Judge Porcelli. Signed by Judge Mary S. Scriven on 9/30/2020. (APF) (Entered: 09/30/2020)** |
| 09/30/2020 | 203 | Unopposed MOTION to Modify *Asset Freeze* by Barry M. Rybicki. (Attachments: # 1 Exhibit A -- Proposed Order)(Fels, Adam) (Entered: 09/30/2020) |
| 10/05/2020 | 204 | **ORDER GRANTING 203 Defendant Barry Rybicki's Request for Entry of Proposed Agreed Order Extending and Modifying Asset Freeze. Signed by Judge Mary S. Scriven on 10/5/2020. (MWC) (Entered: 10/05/2020)** |
| 10/05/2020 | 205 | **ORDER Setting Hearing: Settlement Conference set for 11/13/2020 at 10:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. The Settlement Conference will be conducted via Zoom. See Order for further details. Signed by Magistrate Judge Anthony E. Porcelli on 10/5/2020. (JMF) (Entered: 10/05/2020)** |
| 10/08/2020 | 206 | NOTICE OF RESCHEDULING HEARING: The Settlement Conference previously scheduled for 11/13/2020 is rescheduled. New scheduling date and time: Settlement Conference set for 11/20/2020 at 10:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. Mediation summaries due on or before 11/13/2020. The Settlement Conference will be conducted via Zoom, and the new login information will be sent separately. See prior Order 205 for all other details.(JMF) (Entered: 10/08/2020) |

| 10/20/2020 | 207 | NOTICE of Appearance by Alejandro O. Soto on behalf of Barry M. Rybicki (Soto, Alejandro) (Entered: 10/20/2020) |
|---|---|---|
| 10/28/2020 | 208 | Unopposed MOTION for Miscellaneous Relief, specifically to Approve Sale of Personal Property (High-End Vehicles) by Burton W. Wiand. (Donlon, Katherine) (Entered: 10/28/2020) |
| 10/28/2020 | 209 | **REPORT AND RECOMMENDATIONS re 186 MOTION for Attorney Fees** *Receiver's Second* **filed by Burton W. Wiand. Signed by Magistrate Judge Anthony E. Porcelli on 10/28/2020. (JMF) (Entered: 10/28/2020)** |
| 11/02/2020 | 210 | **ORDER GRANTING 208 Receiver's Unopposed Motion to Approve Sale of Personal Property. Signed by Judge Mary S. Scriven on 11/2/2020. (AKJ) (Entered: 11/02/2020)** |
| 11/05/2020 | 211 | MOTION for Miscellaneous Relief, specifically Notice of Limited Appearance and Motion to Seek Clarification of the Court's Order Appointing the Receiver by Paul Wassgren. (Attachments: # 1 Exhibit A - Excerpts from July 31, 2020 Hearing Transcript, # 2 Exhibit B - Amended Complaint in Mar Case)(Gaugush, Simon) (Entered: 11/05/2020) |
| 11/05/2020 | 212 | MOTION for Miscellaneous Relief, specifically Motion to Enjoin Parallel EquiAlt-Related Action by Paul Wassgren. (Attachments: # 1 Exhibit A - Amended Complaint in Gleinn Case, # 2 Exhibit B - Amended Complaint in Mar Case, # 3 Exhibit C - Complaint in Receiver's California Case)(Gaugush, Simon) (Entered: 11/05/2020) |
| 11/10/2020 | 213 | Verified MOTION for Miscellaneous Relief, specifically to Approve the Private Sale of Real Property - 5324 5th Avenue North, St. Petersburg, Florida by Burton W. Wiand. (Attachments: # 1 Exhibit 1- PSA Contract and Addendum, # 2 Exhibit 2- BPO- 5324 5th Ave N, # 3 Exhibit 3- 5324 5TH AVE N_VA Appriasal, # 4 Exhibit 4- 5324 5th Ave N, # 5 Exhibit 5- Notice of Sale and Affidavit of Publication- 5324 5th Ave, # 6 Exhibit 6- Proposed Order 5324 5th Avenue North)(Donlon, Katherine) (Entered: 11/10/2020) |
| 11/10/2020 | 214 | Verified MOTION for Miscellaneous Relief, specifically to Approve the Private Sale of Real Property - 6209 2nd Ave North, St. Petersburg, FL by Burton W. Wiand. (Attachments: # 1 Exhibit 1- 6209 2nd Ave North PSA (fully signed), # 2 Exhibit 2- 6209 2nd Ave N, # 3 Exhibit 3- BPO - 6209 2nd Ave N, # 4 Exhibit 4- BPO- 6209 2ND AVE N, ST PETERSBURG, FL 33710, # 5 Exhibit 5- NOTICE OF SALE- 6209 2nd Avenue North, # 6 Exhibit 6- Proposed Order- 6209 2nd Avenue North)(Donlon, Katherine) (Entered: 11/10/2020) |
| 11/12/2020 | 215 | Joint MOTION for Miscellaneous Relief, specifically To Postpone Mediation by Securities and Exchange Commission. (Johnson, Alise) (Entered: 11/12/2020) |
| 11/12/2020 | 216 | MOTION for Reconsideration re 210 Order on Motion for Miscellaneous Relief *NON-PARTY, BANK OF AMERICA, N.A.'S MOTION FOR RECONSIDERATION OF THE ORDER ON RECEIVER'S UNOPPOSED MOTION TO APPROVE SALE OF PERSONAL PROPERTY (HIGH-END VEHICLES) AND LIMITED OPPOSITION IN RESPONSE TO RECEIVER'S MOTION TO APPROVE SALE OF PERSONAL PROPERTY (HIGH-END VEHICLES)* by Bank of America, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Braverman, Jaimee) (Entered: 11/12/2020) |
| 11/13/2020 | 217 | STATUS report *THE RECEIVER'S THIRD QUARTERLY STATUS REPORT* by Burton W. Wiand. (Attachments: # 1 Exhibit 1 - Fund Accounting Report)(Donlon, Katherine) (Entered: 11/13/2020) |
| 11/13/2020 | 218 | MOTION for Attorney Fees *Receiver's Third* by Burton W. Wiand. (Attachments: # 1 Exhibit 1 - Fund Accounting Report, # 2 Exhibit 2 - 3rd Status Report, # 3 Exhibit 3 - |

| | | |
|---|---|---|
| | | Receiver, # 4 Exhibit 4 - WGK Rates, # 5 Exhibit 5 - WGK, # 6 Exhibit 6 - Yip, # 7 Exhibit 7 - PDR, # 8 Exhibit 8 - E-Hounds, # 9 Exhibit 9 - RWJ, # 10 Exhibit 10 - Freeborn)(Donlon, Katherine) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 11/13/2020) |
| 11/16/2020 | 219 | **ENDORSED ORDER granting 215 Motion. The Settlement Conference shall be rescheduled by separate order. Signed by Magistrate Judge Anthony E. Porcelli on 11/16/2020. (JMF)** (Entered: 11/16/2020) |
| 11/16/2020 | 220 | NOTICE canceling Settlement Conference scheduled for 11/20/2020. (JMF) (Entered: 11/16/2020) |
| 11/18/2020 | 221 | **ORDER GRANTING 213 Receiver's Verified Motion to Approve Private Sale of Real Property - 5324 5th Avenue North, St. Petersburg, Florida. Signed by Judge Mary S. Scriven on 11/18/2020. (AKJ)** (Entered: 11/18/2020) |
| 11/18/2020 | 222 | STRICKEN PURSUANT TO DKT. 228 ORDER. **ORDER GRANTING 214 Receiver's Verified Motion to Approve Private Sale of Real Property - 6209 2nd Ave North, St. Petersburg, FL. Signed by Judge Mary S. Scriven on 11/18/2020. (AKJ)** Modified on 11/23/2020 (LD). (Entered: 11/18/2020) |
| 11/19/2020 | 223 | RESPONSE in Opposition re 212 MOTION to Enjoin Parallel EquiAlt-Related Action filed by Robert G. Mar. (AG) (Entered: 11/19/2020) |
| 11/19/2020 | 224 | MOTION to Stay re 212 MOTION for Miscellaneous Relief, specifically Motion to Enjoin Parallel EquiAlt-Related Action *and Response to Non-Party Paul Wassgren's Motion to Enjoin Parallel EquiAlt-Related Action* by Burton W. Wiand. (Donlon, Katherine) (Entered: 11/19/2020) |
| 11/19/2020 | 225 | RESPONSE in Opposition re 211 MOTION for Miscellaneous Relief, specifically Notice of Limited Appearance and Motion to Seek Clarification of the Court's Order Appointing the Receiver filed by Burton W. Wiand. (Attachments: # 1 Exhibit 1)(Donlon, Katherine) (Entered: 11/19/2020) |
| 11/20/2020 | 226 | Unopposed MOTION for Miscellaneous Relief, specifically TO CORRECT SCRIVENER'S ERROR IN ORDER APPROVING THE SALE OF REAL PROPERTY -- 6209 2ND AVENUE NORTH, ST. PETERSBURG, FLORIDA by Burton W. Wiand. (Attachments: # 1 Exhibit 1 - Proposed Amended Order)(Donlon, Katherine) (Entered: 11/20/2020) |
| 11/20/2020 | 227 | **ENDORSED ORDER GRANTING 226 Receiver's Unopposed Motion to Correct Scrivener's Error in Order Approving the Sale of Real Property -- 6209 2nd Avenue North, St. Petersburg, Florida. The Clerk is directed to STRIKE the Order Granting Receiver's Verified Motion to Approve Private Sale of Real Property - 6209 2nd Ave North, St. Petersburg, FL. (Dkt. 222) The Court will enter an Amended Order by separate notice. (AKJ)** (Entered: 11/20/2020) |
| 11/20/2020 | 228 | **AMENDED ORDER GRANTING 214 Receiver's Verified Motion to Approve Private Sale of Real Property - 6209 2nd Avenue North, St. Petersburg, Florida. Signed by Judge Mary S. Scriven on 11/20/2020. (AKJ)** (Entered: 11/20/2020) |
| 11/23/2020 | 229 | MOTION for Leave to File Other Document :SUBPOENA ON RECEIVER by Investor Plaintiffs'. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Moskowitz, Adam) (Entered: 11/23/2020) |
| 11/24/2020 | 230 | **ORDER CONFIRMING AND ADOPTING 209 Report and Recommendation; GRANTING 186 Receiver's Second Quarterly Fee Application For Order Awarding Fees, Costs, and Reimbursement of Costs to Receiver and His Professionals. See** |

| | | |
|---|---|---|
| | | Order for details. Signed by Judge Mary S. Scriven on 11/24/2020. (AKJ) (Entered: 11/24/2020) |
| 11/25/2020 | 231 | Unopposed MOTION for Miscellaneous Relief, specifically Approve Private Sale of Real Property - 2236 Gabarone Blvd., Auburndale, FL by Burton W. Wiand. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6 - Proposed Order)(Donlon, Katherine) (Entered: 11/25/2020) |
| 11/25/2020 | 232 | NOTICE by Burton W. Wiand *Of Lack of Bona Fide Offers Regarding The Sale of 6209 2nd Avenue North, St. Petersburg, Florida* (Attachments: # 1 Exhibit 1)(Donlon, Katherine) (Entered: 11/25/2020) |
| 11/25/2020 | 233 | NOTICE by Burton W. Wiand *Of Lack of Bona Fide Offers Regarding The Sale of 5324 5th Avenue North, St. Petersburg, Florida* (Donlon, Katherine) (Entered: 11/25/2020) |
| 11/27/2020 | 234 | RESPONSE in Opposition re 216 MOTION for Reconsideration re 210 Order on Motion for Miscellaneous Relief *NON-PARTY, BANK OF AMERICA, N.A.'S MOTION FOR RECONSIDERATION OF THE ORDER ON RECEIVER'S UNOPPOSED MOTION TO APPROVE SALE OF PERSONAL PROPERTY (HIGH-END VE filed by Burton W. Wiand. (Donlon, Katherine) (Entered: 11/27/2020)* |
| 12/02/2020 | 235 | **ORDER GRANTING 216 Non-Party, Bank of America, N.A.'s Motion for Reconsideration of the Order on Receiver's Unopposed Motion to Approve Sale of Personal Property (High-End Vehicles) and Limited Opposition in Response to Receiver's Motion to Approve Sale of Personal Property (High-End Vehicles). See Order for details. Signed by Judge Mary S. Scriven on 12/2/2020. (AKJ) (Entered: 12/02/2020)** |
| 12/02/2020 | 236 | **ORDER DIRECTING Receiver to advise the Court within seven (7) days of the date of this Order, of any known liens or encumbrances upon the property, 2236 Gabarone Boulevard, Auburndale, FL and to clarify the name of the buyer. See Order for details. Signed by Judge Mary S. Scriven on 12/2/2020. (AKJ) (Entered: 12/02/2020)** |
| 12/03/2020 | 237 | **ORDER DENYING 193 Defendant Brian Davison's Motion to Reconsider and Supporting Memorandum of Law. Signed by Judge Mary S. Scriven on 12/3/2020. (AKJ) (Entered: 12/03/2020)** |
| 12/03/2020 | 238 | RESPONSE in Opposition re 224 MOTION to Stay re 212 MOTION to Enjoin Parallel EquiAlt-Related Action. (AG) Modified on 12/4/2020 to correct link to motion. (AG) (Entered: 12/04/2020) |
| 12/07/2020 | 239 | Unopposed MOTION for Extension of Time to File Response/Reply as to 229 MOTION for Leave to File Other Document :SUBPOENA ON RECEIVER by Burton W. Wiand. (Donlon, Katherine) (Entered: 12/07/2020) |
| 12/08/2020 | 240 | **ENDORSED ORDER GRANTING 239 Receiver's Unopposed Motion for an Extension of Time to Respond to Investor Plaintiffs' Motion for Leave to Serve Subpoena on Receiver [Doc. 229]. The Receiver shall have up to and including December 14, 2020 to respond to Investor Plaintiffs' Motion. Signed by Judge Mary S. Scriven on 12/8/2020. (AKJ) (Entered: 12/08/2020)** |
| 12/09/2020 | 241 | RESPONSE re 236 Order pdf *Response to Order Directing Receiver to Provide Additional Information Regarding the Proposed Sale of 2236 Gabarone Boulevard* filed by Burton W. Wiand. (Donlon, Katherine) (Entered: 12/09/2020) |
| 12/09/2020 | 242 | NOTICE by Burton W. Wiand *Notice of Lack of Bona Fide Offers Regarding the Proposed Sale of 2236 Gabarone Boulevard, Auburndale, FL* (Attachments: # 1 Exhibit 1)(Donlon, Katherine) (Entered: 12/09/2020) |

| 12/14/2020 | 243 | **ORDER GRANTING 231 Receiver's Unopposed Verified Motion to Approve Private Sale of Real Property -- 2236 Gabarone Boulevard, Auburndale, FL. Signed by Judge Mary S. Scriven on 12/14/2020. (AKJ) (Entered: 12/14/2020)** |
|---|---|---|
| 12/14/2020 | 244 | Unopposed MOTION for Extension of Time to File Response/Reply as to 229 MOTION for Leave to File Other Document :SUBPOENA ON RECEIVER by Burton W. Wiand. (Donlon, Katherine) (Entered: 12/14/2020) |
| 12/16/2020 | 245 | **ENDORSED ORDER GRANTING 244 Receiver's Unopposed Motion for a Further Extension of Time to Respond to Investor Plaintiffs' Motion for Leave to Serve Subpoena on Receiver [Doc. 229]. The Receiver shall have up to and including December 28, 2020 to respond to Investor Plaintiffs' Motion. Signed by Judge Mary S. Scriven on 12/16/2020. (AKJ) (Entered: 12/16/2020)** |
| 12/22/2020 | 246 | NOTICE of Filing Auction Results by Burton W. Wiand. (Donlon, Katherine) Modified on 12/22/2020 (TDC). (Entered: 12/22/2020) |
| 12/28/2020 | 247 | Unopposed MOTION for Extension of Time to File Response/Reply as to 229 MOTION for Leave to File Other Document :SUBPOENA ON RECEIVER by Burton W. Wiand. (Donlon, Katherine) (Entered: 12/28/2020) |
| 12/28/2020 | 248 | **ENDORSED ORDER GRANTING 247 Receiver's Unopposed Motion for a Further Extension of Time to Respond to Investor Plaintiffs' Motion for Leave to Serve Subpoena on Receiver [Doc. 229]. The Receiver shall have up to and including January 11, 2021 to respond to Investor Plaintiffs' Motion for Leave to Serve Subpoena on Receiver. Signed by Judge Mary S. Scriven on 12/28/2020. (AKJ) (Entered: 12/28/2020)** |
| 01/05/2021 | 249 | **REPORT AND RECOMMENDATIONS re 218 MOTION for Attorney Fees** *Receiver's Third* **filed by Burton W. Wiand. Signed by Magistrate Judge Anthony E. Porcelli on 1/5/2021. (JMF) (Entered: 01/05/2021)** |
| 01/11/2021 | 250 | Unopposed MOTION for Extension of Time to File Response/Reply as to 229 MOTION for Leave to File Other Document :Subpoena on Receiver by Burton W. Wiand. (Donlon, Katherine) Modified on 1/12/2021 (TDC). (Entered: 01/11/2021) |
| 01/11/2021 | 251 | **ENDORSED ORDER GRANTING 250 Receiver's Unopposed Motion for a Further Extension of Time to Respond to Investor Plaintiffs' Motion for Leave to Serve Subpoena on Receiver [Doc. 229]. Receiver shall have up to and including January 25, 2021 to respond to Investor Plaintiffs' Motion for Leave to Serve Subpoena on Receiver. Signed by Judge Mary S. Scriven on 1/11/2021. (AKJ) (Entered: 01/11/2021)** |
| 01/11/2021 | 252 | NOTICE of Dismissal of the Mar Action, Case No. 20-cv-07719-EMC (N.D. Cal.) by Robert G. Mar re 224 MOTION to Stay re 212 MOTION for Miscellaneous Relief, specifically Motion to Enjoin Parallel EquiAlt-Related Action *and Response to Non-Party Paul Wassgren's Motion to Enjoin Parallel EquiAlt-Related Action,* 212 MOTION for Miscellaneous Relief, specifically Motion to Enjoin Parallel EquiAlt-Related Action , 211 MOTION for Miscellaneous Relief, specifically Notice of Limited Appearance and Motion to Seek Clarification of the Court's Order Appointing the Receiver (JLD) (Entered: 01/12/2021) |
| 01/12/2021 | 253 | NOTICE of Change of Firm Name and Email Addresses by Burton W. Wiand. (Donlon, Katherine) Modified on 1/13/2021 (TDC). (Entered: 01/12/2021) |
| 01/13/2021 | 254 | **ENDORSED ORDER DENYING AS MOOT 211 Non-Party Paul Wassgren's Notice of Limited Appearance and Motion to Seek Clarification of the Court's Order Appointing the Receiver; DENYING AS MOOT 212 Non-Party Paul** |

| | | |
|---|---|---|
| | | **Wassgren's Motion to Enjoin Parallel EquiAlt-Related Action; DENYING AS MOOT 224 Receiver's Motion for Stay and Response to Non-Party Paul Wassgren's "Motion To Enjoin Parallel EquiAlt-Related Action." In his recently filed Notice, (Dkt. 252), Mr. Mar informs the Court that the Mar Action, Case No. 20-cv-07718-EMC (N.D.Cal.), has been "dismissed without prejudice pursuant to a stipulation between his counsel and counsel for the [Mar] defendants." In light of the dismissal of the Mar case, the aforementioned Motions are moot. Signed by Judge Mary S. Scriven on 1/13/2021. (AKJ) (Entered: 01/13/2021)** |
| 01/20/2021 | 255 | MOTION for Miscellaneous Relief, specifically to Approve Investor Clawback Litigation by Burton W. Wiand. (Attachments: # 1 Exhibit 1)(Donlon, Katherine) (Entered: 01/20/2021) |
| 01/25/2021 | 256 | NOTICE of withdrawal of motion by Investor Plaintiffs' re 229 MOTION for Leave to File Other Document: Subpoena on Receiver filed by Investor Plaintiffs' (Friedman, Andrew) Modified on 1/26/2021 (TDC). (Entered: 01/25/2021) |
| 01/27/2021 | 257 | **ENDORSED ORDER DENYING AS MOOT 229 Investor Plaintiffs' Notice of Limited Appearance and Motion for Leave to Serve Subpoena on Receiver. In light of the Notice of Withdrawal of Plaintiffs' Motion for Leave to Serve Subpoena on Receiver, (Dkt. 256), Investor Plaintiffs' Motion, (Dkt. 229) is denied as moot. Signed by Judge Mary S. Scriven on 1/27/2021. (AKJ) (Entered: 01/27/2021)** |
| 01/28/2021 | 258 | MOTION for Miscellaneous Relief, specifically To Approve Non-Investor Clawback Litigation by Burton W. Wiand. (Donlon, Katherine) (Entered: 01/28/2021) |
| 02/02/2021 | 259 | Verified MOTION for Miscellaneous Relief, specifically To Approve Private Sale of Real Property - 2111 West Saint Louis Street, Tampa, Florida by Burton W. Wiand. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Donlon, Katherine) (Entered: 02/02/2021) |
| 02/04/2021 | 260 | **ORDER ADOPTING 249 Report and Recommendations; GRANTING 218 Receiver's Third Quarterly Fee Application for Order Awarding Fees, Costs, and Reimbursement of Costs to Receiver and His Professionals. See Order for details. Signed by Judge Mary S. Scriven on 2/4/2021. (AKJ) (Entered: 02/04/2021)** |
| 02/04/2021 | 261 | **ORDER GRANTING 259 Receiver's Verified Motion for Approval of Private Sale of Real Property Located in Hillsborough County, Florida - 2111 West Saint Louis Street, Tampa, Florida. Signed by Judge Mary S. Scriven on 2/4/2021. (AKJ) (Entered: 02/04/2021)** |
| 02/05/2021 | 262 | NOTICE of *Limited* Appearance by William J. Schifino, Jr on behalf of Fox Rothschild LLP (Schifino, William) (Entered: 02/05/2021) |
| 02/05/2021 | 263 | MOTION to Compel Receiver to Bring Claims Against Movants in This District by Fox Rothschild LLP. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Schifino, William) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 02/05/2021) |
| 02/05/2021 | 264 | REQUEST for oral argument re 263 MOTION to Compel Receiver to Bring Claims Against Movants in This District by Fox Rothschild LLP. (Schifino, William) (Entered: 02/05/2021) |
| 02/15/2021 | 265 | STATUS report *Receiver's Fourth Quarterly Status Report* by Burton W. Wiand. (Attachments: # 1 Exhibit 1 - Fund Accounting Report)(Donlon, Katherine) (Entered: 02/15/2021) |
| 02/15/2021 | 266 | Fourth MOTION for Attorney Fees *Receiver's Fourth Quarterly Fee Application for Order Awarding Fees, Costs, and Reimbursement of Costs to Receiver and His* |

| | | |
|---|---|---|
| | | *Professionals* by Burton W. Wiand. (Attachments: # 1 Exhibit 1 - Fund Accounting Report, # 2 Exhibit 2 - Receiver, # 3 Exhibit 3 - WKG Rates, # 4 Exhibit 4 - GK, # 5 Exhibit 5 - Yip, # 6 Exhibit 6 - PDR, # 7 Exhibit 7 - E-Hounds, # 8 Exhibit 8 - Freeborn, # 9 Exhibit 9 - Baskin)(Donlon, Katherine) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 02/15/2021) |
| 02/17/2021 | 267 | NOTICE by Burton W. Wiand *Of Lack of Bona Fide Offers Regarding The Sale of 2111 West Saint Louis Street, Tampa, FL* (Attachments: # 1 Exhibit 1)(Donlon, Katherine) (Entered: 02/17/2021) |
| 02/19/2021 | 268 | RESPONSE in Opposition re 263 MOTION to Compel Receiver to Bring Claims Against Movants in This District filed by Burton W. Wiand. (Attachments: # 1 Exhibit 1 - Declaration of Receiver)(Donlon, Katherine) (Entered: 02/19/2021) |
| 02/19/2021 | 269 | NOTICE *of Filing Clawback/Fraudulent Transfer Cases* by Burton W. Wiand. (Donlon, Katherine) Modified on 2/22/2021 (TDC). (Entered: 02/19/2021) |
| 02/19/2021 | 270 | RESPONSE to 263 MOTION to Compel Receiver to bring claims against Movants in this District by Securities and Exchange Commission. (Johnson, Alise) Motions referred to Magistrate Judge Anthony E. Porcelli. Modified on 2/23/2021 (TDC). (Entered: 02/19/2021) |
| 02/22/2021 | 271 | Joint MOTION for Miscellaneous Relief, specifically Leave to File Reply in Support of Motion to Compel Receiver to Bring Claims Against Movants in this District *(on behalf of Paul Wassgren, Fox Rothschild, and DLA Piper)* by Paul Wassgren. (Gaugush, Simon) (Entered: 02/22/2021) |
| 02/25/2021 | 272 | NOTICE of Filing Order of U.S. District Court, Central District of California, Related to Non-Parties' Motion to Compel by Burton W. Wiand re 263 MOTION to Compel Receiver to Bring Claims Against Movants in This District. (Attachments: # 1 Exhibit 1) (Donlon, Katherine) Modified on 2/26/2021 (TDC). (Entered: 02/25/2021) |
| 02/25/2021 | 273 | SUPPLEMENT re 271 Joint MOTION for Miscellaneous Relief, specifically Leave to File Reply in Support of Motion to Compel Receiver to Bring Claims Against Movants in this District *(on behalf of Paul Wassgren, Fox Rothschild, and DLA Piper)* by Paul Wassgren. (Attachments: # 1 Exhibit A - USDC CDCA Order Dismissing Receiver's California Federal Case)(Gaugush, Simon) (Entered: 02/25/2021) |
| 03/03/2021 | 274 | **REPORT AND RECOMMENDATIONS re 266 Fourth MOTION for Attorney Fees** *Receiver's Fourth Quarterly Fee Application for Order Awarding Fees, Costs, and Reimbursement of Costs to Receiver and His Professionals* **filed by Burton W. Wiand. Signed by Magistrate Judge Anthony E. Porcelli on 3/3/2021. (JMF) (Entered: 03/03/2021)** |
| 03/04/2021 | 275 | RESPONSE in Opposition re 271 Joint MOTION for Miscellaneous Relief, specifically Leave to File Reply in Support of Motion to Compel Receiver to Bring Claims Against Movants in this District *(on behalf of Paul Wassgren, Fox Rothschild, and DLA Piper)* filed by Burton W. Wiand. (Donlon, Katherine) (Entered: 03/04/2021) |
| 03/05/2021 | 276 | NOTICE by Paul Wassgren re 271 Joint MOTION for Miscellaneous Relief, specifically Leave to File Reply in Support of Motion to Compel Receiver to Bring Claims Against Movants in this District *(on behalf of Paul Wassgren, Fox Rothschild, and DLA Piper)* *Notice of Clarification of Motion to File Reply (on behalf of Paul Wassgren, Fox Rothschild, and DLA Piper)* (Gaugush, Simon) (Entered: 03/05/2021) |
| 03/08/2021 | 277 | **ORDER DENYING 177 Defendant Brian Davison's Motion to Dismiss the Amended Complaint. Signed by Judge Mary S. Scriven on 3/8/2021. (MWC)** (Entered: 03/08/2021) |

| 03/10/2021 | 278 | Unopposed MOTION for Miscellaneous Relief, specifically To Retain Johnson Cassidy Newlon & Decort as Co-Counsel by Burton W. Wiand. (Donlon, Katherine) (Entered: 03/10/2021) |
| 03/26/2021 | 279 | Unopposed MOTION for Extension of Time to File Response/Reply as to 138 Amended Complaint by Brian Davison. (Davis, Gerald) (Entered: 03/26/2021) |
| 03/26/2021 | 280 | NOTICE by Burton W. Wiand re 263 MOTION to Compel Receiver to Bring Claims Against Movants in This District *of Filing Non-Parties' Joint Notice of Motion and Motion to Stay Proceeding* (Attachments: # 1 Exhibit 1)(Donlon, Katherine) (Entered: 03/26/2021) |
| 03/26/2021 | 281 | **ENDORSED ORDER GRANTING 279 Defendant Brian Davison's Unopposed Motion for Extension of Time to File Response to Plaintiff's Amended Complaint. Defendant Brian Davison shall have up to and including May 13, 2021 to answer Plaintiff's Amended Complaint. Signed by Judge Mary S. Scriven on 3/26/2021. (JRF) (Entered: 03/26/2021)** |
| 03/26/2021 | 282 | **ORDER GRANTING 278 Receiver's Unopposed Motion for Leave to Retain Johnson Cassidy Newlon & Decort as Co-Counsel. Signed by Judge Mary S. Scriven on 3/26/2021. (JRF) (Entered: 03/26/2021)** |
| 03/26/2021 | 283 | MOTION for Miscellaneous Relief, specifically to Expand the Scope of the Receivership to Include Multiple Units of Real Property and Defunct EquiAlt Entity by Burton W. Wiand. (Attachments: # 1 Exhibit 1 - EquiAlt Fund I Articles of Incorporation, # 2 Exhibit 2 - EquiAlt Fund Articles of Incorporation, # 3 Exhibit 3 - EquiAlt Fund I Articles of Dissolution, # 4 Exhibit 4 - Crestview tax deed, # 5 Exhibit 5 - Tennis Court tax deed, # 6 Exhibit 6 - Pitch Pine tax deed, # 7 Exhibit 7 - Maki tax deed, # 8 Exhibit 8 - Pasa Dobles tax deed)(Donlon, Katherine) (Entered: 03/26/2021) |
| 03/31/2021 | 284 | **ORDER GRANTING 283 Receiver's Motion to Expand the Scope of the Receivership to Include Multiple Units of Real Property and Defunct Equialt Entity. Signed by Judge Mary S. Scriven on 3/31/2021. (JRF) (Entered: 03/31/2021)** |
| 04/01/2021 | 285 | Unopposed MOTION for Miscellaneous Relief, specifically to Approve Private Sale of Real Property - 3914 1/2 North Ridge Avenue, Tampa, Florida by Burton W. Wiand. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (Donlon, Katherine) (Entered: 04/01/2021) |
| 04/01/2021 | 286 | **ORDER GRANTING 285 Receiver's Verified Unopposed Motion to Approve Private Sale of Real Property - 3914 North Ridge Avenue, Tampa, Florida. Signed by Judge Mary S. Scriven on 4/1/2021. (JRF) (Entered: 04/01/2021)** |
| 04/05/2021 | 287 | MOTION for Miscellaneous Relief, specifically Carve-Out of Funds by Barry M. Rybicki. (Attachments: # 1 Text of Proposed Order)(Fels, Adam) (Entered: 04/05/2021) |
| 04/06/2021 | 288 | **ORDER ADOPTING 274 Report and Recommendations; GRANTING 266Receiver's Fourth Quarterly Fee Application for Order Awarding Fees, Costs, and Reimbursement of Costs to Receiver and His Professionals. See Order for details. Signed by Judge Mary S. Scriven on 4/6/2021.(JRF) (Entered: 04/06/2021)** |
| 04/08/2021 | 289 | NOTICE of Appearance by Stanley T. Padgett on behalf of Brian Davison (Padgett, Stanley) (Entered: 04/08/2021) |
| 04/09/2021 | 290 | **ENDORSED ORDER GRANTING 271 Motion for Leave to File Reply in Support of Motion to Compel Receiver to Bring Claims Against Movants in This District. Non-Parties Fox Rothschild LLP, DLA Piper LLP (US), and Paul Wassgren shall have up to and including three (3) days from the date of this Order to file a Reply,** |

| | | |
|---|---|---|
| | | which shall not exceed ten (10) pages. Signed by Judge Mary S. Scriven on 4/9/2021. (JRF) (Entered: 04/09/2021) |
| 04/09/2021 | 291 | Unopposed MOTION for Miscellaneous Relief, specifically for an Extension of Time to Disclose Experts' Reports by Securities and Exchange Commission. (Johnson, Alise) (Entered: 04/09/2021) |
| 04/12/2021 | 292 | REPLY to Response to Motion re 270 MOTION to Compel Receiver to bring claims against Movants in this District , 263 MOTION to Compel Receiver to Bring Claims Against Movants in This District filed by DLA Piper LLP, Fox Rothschild LLP, Paul Wassgren. (Bentley, Arthur) (Entered: 04/12/2021) |
| 04/14/2021 | 293 | **ENDORSED ORDER GRANTING 291 Plaintiff's Unopposed Motion for an Extension of Time to Disclose Experts' Reports. The deadlines for disclosure of expert reports for Plaintiff and Defendants are extended to June 14, 2021 and July 14, 2021, respectively. Signed by Judge Mary S. Scriven on 4/14/2021. (JRF) (Entered: 04/14/2021)** |
| 04/14/2021 | 294 | NOTICE by Burton W. Wiand *of Lack of Bona Fide Offers - 3914 N. Ridge Avenue* (Attachments: # 1 Exhibit 1 - Affidavit of Publication)(Donlon, Katherine) (Entered: 04/14/2021) |
| 04/19/2021 | 295 | Unopposed MOTION for Miscellaneous Relief, specifically Approve Retention of Valuation Consultant (Coldwell Banker) by Burton W. Wiand. (Attachments: # 1 Exhibit A - Coldwell Banker Proposal)(Donlon, Katherine) (Entered: 04/19/2021) |
| 04/19/2021 | 296 | RESPONSE re 287 MOTION for Miscellaneous Relief, specifically Carve-Out of Funds filed by Securities and Exchange Commission. (Johnson, Alise) (Entered: 04/19/2021) |
| 04/23/2021 | 297 | NOTICE by DLA Piper LLP, Fox Rothschild LLP, Paul Wassgren re 263 MOTION to Compel Receiver to Bring Claims Against Movants in This District *of Orders Related to Non-Parties' Motion to Compel* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gaugush, Simon) (Entered: 04/23/2021) |
| 05/05/2021 | 298 | Joint MOTION for Miscellaneous Relief, specifically Joint Request for Mediation Before U.S. Magistrate *Judge* by Barry M. Rybicki. (Fels, Adam) (Entered: 05/05/2021) |
| 05/06/2021 | 299 | **ENDORSED ORDER GRANTING 295 Receiver's Unopposed Motion to Approve Engagement of Real Estate Valuation Consultant, Specifically, Coldwell Banker. The Receiver is authorized to retain Coldwell Banker for the limited purpose of providing proper market valuation services of the Receivership Entities. The Court approves the fee arrangement attached to the Motion and finds that arrangement to be fair and reasonable and in the best interests of the Receivership entities. Signed by Judge Mary S. Scriven on 5/6/2021. (JRF) (Entered: 05/06/2021)** |
| 05/07/2021 | 300 | **ORDER REFERRING MOTION: 298 Joint Request for Mediation Before U.S. Magistrate. Signed by Judge Mary S. Scriven on 5/7/2021. (JRF) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 05/07/2021)** |
| 05/07/2021 | 301 | **ENDORSED ORDER granting 298 Motion. The Settlement Conference will be scheduled by separate order. Signed by Magistrate Judge Anthony E. Porcelli on 5/7/2021. (JMF) (Entered: 05/07/2021)** |
| 05/07/2021 | 302 | **ORDER Setting Hearing: Settlement Conference set for 5/19/2021 at 10:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. The Zoom login information will be sent separately. See Order for further details. Signed by Magistrate Judge Anthony E. Porcelli on 5/7/2021. (JMF) (Entered: 05/07/2021)** |
| 05/07/2021 | 303 | Unopposed MOTION for Miscellaneous Relief, specifically Motion to Approve Sale of |

| | | Real Property - 2 Bahama Circle by Burton W. Wiand. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(McKinley, Robert) (Entered: 05/07/2021) |
|---|---|---|
| 05/11/2021 | 304 | Unopposed MOTION for Miscellaneous Relief, specifically Approve Settlement with Putnam Leasing Related to 2018 Pagani Huayra by Burton W. Wiand. (Donlon, Katherine) (Entered: 05/11/2021) |
| 05/11/2021 | 305 | Joint MOTION for Miscellaneous Relief, specifically to Postpone Mediation currently scheduled before U.S. Magistrate Judge Anthony Porcelli on May 19, 2021 *to a later date* by Securities and Exchange Commission. (Johnson, Alise) (Entered: 05/11/2021) |
| 05/12/2021 | 306 | NOTICE canceling Settlement Conference scheduled for 5/19/2021. (JMF) (Entered: 05/12/2021) |
| 05/12/2021 | 307 | **ENDORSED ORDER granting 305 Motion. The settlement conference will be rescheduled upon renewed motion by the parties. Signed by Magistrate Judge Anthony E. Porcelli on 5/12/2021. (JMF) (Entered: 05/12/2021)** |
| 05/14/2021 | 308 | Unopposed MOTION for Miscellaneous Relief, specifically to Modify Asset Freeze to Close Davison's Bank of America Safe Deposit Box by Burton W. Wiand. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Donlon, Katherine) (Entered: 05/14/2021) |
| 05/18/2021 | 309 | **ORDER GRANTING 304 the Receiver's Unopposed Motion to Approve Settlement with Putnam Leasing Related to 2018 Pagani Huayra. Signed by Judge Mary S. Scriven on 5/18/2021. (JRF) (Entered: 05/18/2021)** |
| 05/19/2021 | 310 | NOTICE by Burton W. Wiand re 303 Unopposed MOTION for Miscellaneous Relief, specifically Motion to Approve Sale of Real Property - 2 Bahama Circle *Re: No Bona Fide Offers or Oppositions Filed* (Attachments: # 1 Exhibit 1 - Affidavit of Publication) (McKinley, Robert) (Entered: 05/19/2021) |
| 05/19/2021 | 311 | Unopposed MOTION to Stay *Case against Defendant Brian Davison for 90 Days to Allow SEC Commissioners to Consider Proposed Settlement with Defendant Brian Davison* by Securities and Exchange Commission. (Johnson, Alise) (Entered: 05/19/2021) |
| 05/19/2021 | 312 | Unopposed MOTION for Miscellaneous Relief, specifically to Approve Settlement of Investor Clawback Claims by Burton W. Wiand. (Attachments: # 1 Exhibit 1)(Donlon, Katherine) (Entered: 05/19/2021) |
| 05/19/2021 | 313 | **ORDER GRANTING 308 The Receiver's Unopposed Motion to Modify Asset Freeze to Close Davison's Bank of America Safe Deposit Box. Signed by Judge Mary S. Scriven on 5/19/2021. (JRF) (Entered: 05/19/2021)** |
| 05/20/2021 | 314 | **ORDER GRANTING 303 Receiver's Verified Unopposed Motion to Approve Private Sale of Real Property - 2 Bahama Circle, Tampa, Florida. Signed by Judge Mary S. Scriven on 5/20/2021. (JRF) (Entered: 05/20/2021)** |
| 05/20/2021 | 315 | Unopposed MOTION for Extension of Time to File Quarterly Status Report and Quarterly Fee Application *until June 2, 2021* by Burton W. Wiand. (Donlon, Katherine) (Entered: 05/20/2021) |
| 05/23/2021 | 316 | STRIKEN. NOTICE by Brian Davison *of Subpoenas Duces Tecum* (Padgett, Stanley) NOTE: Discovery, image removed, counsel notified. Modified on 5/24/2021 (LD). (LD). (Entered: 05/23/2021) |
| 05/24/2021 | 317 | **ENDORSED ORDER GRANTING 315 the Receiver's Unopposed Motion for Extension Until June 2, 2021 of Deadline to File Quarterly Status Report and** |

| | | |
|---|---|---|
| | | Quarterly Fee Application. The Receiver shall have up to and including June 2, 2021 to file its Quarterly Status Report and Quarterly Fee Application. Signed by Judge Mary S. Scriven on 5/24/2021. (JRF) (Entered: 05/24/2021) |
| 05/25/2021 | 318 | ORDER GRANTING 311 Plaintiff's Unopposed Motion to Stay Case for 90 Days to Allow SEC Commissioners to Consider Proposed Settlement with Defendant Brian Davison. See Order for details. Signed by Judge Mary S. Scriven on 5/25/2021. (JRF) (Entered: 05/25/2021) |
| 06/01/2021 | 319 | STATUS report *Fifth Quarterly* by Burton W. Wiand. (Attachments: # 1 Exhibit 1) (Donlon, Katherine) (Entered: 06/01/2021) |
| 06/01/2021 | 320 | MOTION for Attorney Fees *RECEIVER'S FIFTH QUARTERLY FEE APPLICATION FOR ORDER AWARDING FEES, COSTS, AND REIMBURSEMENT OF COSTS TO RECEIVER AND HIS PROFESSIONALS* by Burton W. Wiand. (Attachments: # 1 Exhibit 1 - Accounting Report, # 2 Exhibit 2 - EquiAlt Receiver Bill, # 3 Exhibit 3 - Receiver Investors, # 4 Exhibit 4 - Receiver Family Tree, # 5 Exhibit 5 - GK Rates, # 6 Exhibit 6 - Legal Team Main, # 7 Exhibit 7 - Legal Team Investors, # 8 Exhibit 8 - Legal Team Family Tree, # 9 Exhibit 9 - JCND SEC v. Davison, # 10 Exhibit 10 - JCND Recovery from Investors, # 11 Exhibit 11 - JCND Wiand v. Family Tree, # 12 Exhibit 12 - Yip & Assoc, # 13 Exhibit 13 - PDR, # 14 Exhibit 14 - E-hounds, # 15 Exhibit 15- Freeborn, # 16 Exhibit 16 - Baskin)(Donlon, Katherine) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 06/01/2021) |
| 06/02/2021 | 321 | Joint MOTION for Miscellaneous Relief, specifically Mediation *before US Magistrate Judge* by Barry M. Rybicki. (Soto, Alejandro) (Entered: 06/02/2021) |
| 06/07/2021 | 322 | ENDORSED ORDER granting 321 Motion. The settlement conference will be rescheduled by separate order. Signed by Magistrate Judge Anthony E. Porcelli on 6/7/2021. (JMF) (Entered: 06/07/2021) |
| 06/07/2021 | 323 | ORDER Setting Hearing: Zoom Settlement Conference set for 6/28/2021 at 11:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli The parties will receive an e-mail with the Zoom information for joining the settlement conference. See Order for further details. Signed by Magistrate Judge Anthony E. Porcelli on 6/7/2021. (JMF) (Entered: 06/07/2021) |
| 06/08/2021 | 324 | Unopposed MOTION for Miscellaneous Relief, specifically for Partial Relief from Case Management and Scheduling Order Regarding Attendance at Mediation by Securities and Exchange Commission. (Johnson, Alise) (Entered: 06/08/2021) |
| 06/08/2021 | 325 | Unopposed MOTION for Extension of Time to Complete Discovery *Deadlines* by Securities and Exchange Commission. (Johnson, Alise) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 06/08/2021) |
| 06/09/2021 | 326 | Unopposed MOTION for Miscellaneous Relief, specifically to Approve Sale of Personal Property - 2018 Pagani Huayra by Burton W. Wiand. (Donlon, Katherine) (Entered: 06/09/2021) |
| 06/10/2021 | 327 | ORDER REFERRING MOTION: 324 Plaintiff's Unopposed Motion for Partial Relief from Case Management and Scheduling Order Regarding Attendance at Mediation Signed by Judge Mary S. Scriven on 6/10/2021. (JRF) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 06/10/2021) |
| 06/10/2021 | 328 | ENDORSED ORDER GRANTING 325 Plaintiff's Unopposed Motion for an Extension of Discovery Deadlines. The deadline for non-expert discovery is extended to September 3, 2021, and the deadline to file dispositive and Daubert motions is November 1, 2021. The deadlines for disclosure of expert reports for Plaintiff and |

| | | |
|---|---|---|
| | | Defendants are extended to September 14, 2021 and September 30, 2021, respectively. Signed by Judge Mary S. Scriven on 6/10/2021. (JRF) (Entered: 06/10/2021) |
| 06/10/2021 | 329 | **ORDER REFERRING MOTION: 287 Defendant Barry Rybicki's Notice of Filing and Motion for Entry of Proposed Order Extending and Modifying Asset Freeze. Signed by Judge Mary S. Scriven on 6/10/2021. (JRF) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 06/10/2021)** |
| 06/10/2021 | 330 | **ENDORSED ORDER DENYING AS MOOT 255 the Receiver's Motion to Approve Investor Clawback Litigation; DENYING AS MOOT 258 the Receiver's Motion to Approve Non-Investor Clawback Litigation. In light of Receiver's having filed a Notice of Filing Clawback/Fraudulent Transfer Cases, (Dkt. 269), informing the Court that the litigation referenced in the Motions has commenced, the Motions are denied as moot. Signed by Judge Mary S. Scriven on 6/10/2021. (JRF) (Entered: 06/10/2021)** |
| 06/10/2021 | 331 | **ENDORSED ORDER DIRECTING the Receiver to file an exemplar settlement agreement for which he seeks approval in his Unopposed Motion to Approve Settlement of Investor Clawback Claims, (Dkt. 312). If necessary, the agreement may be filed UNDER SEAL. Signed by Judge Mary S. Scriven on 6/10/2021. (JRF) (Entered: 06/10/2021)** |
| 06/10/2021 | 332 | **ENDORSED ORDER granting 324 Motion. The Securities and Exchange Commission may appear at the settlement conference through trial counsel assigned to this case. Signed by Magistrate Judge Anthony E. Porcelli on 6/10/2021. (JMF) (Entered: 06/10/2021)** |
| 06/16/2021 | 333 | NOTICE by Burton W. Wiand re 331 Order *of Filing Exemplar Settlement Agreement* (Donlon, Katherine) (Entered: 06/16/2021) |
| 06/16/2021 | 334 | Unopposed MOTION for Miscellaneous Relief, specifically to Approve Settlement in Non-Investor Clawback Claim *(Edgar Lozano/GIA LLC)* by Burton W. Wiand. (Attachments: # 1 Exhibit 1)(Donlon, Katherine) (Entered: 06/16/2021) |
| 06/16/2021 | 335 | Unopposed MOTION for Miscellaneous Relief, specifically to (1) Approve Procedure to Administer Claims and Proof of Claim Form, (2) Establish Deadline for Filing Proof of Claim Forms, (3) Permit Notice by Mail and Publication, and (4) Approve Retention of Omni Agent Solutions by Burton W. Wiand. (Attachments: # 1 Exhibit 1 - Proposed Proof of Claim Form, # 2 Exhibit 2 - Proposed Claims Process Instructions, # 3 Exhibit 3 - Proposed Notice of Claims Process for publication, # 4 Exhibit 4 - Omni Services & Experience, # 5 Exhibit 5 - Omni Executed Agreement)(Donlon, Katherine) (Entered: 06/16/2021) |
| 06/21/2021 | 336 | **ORDER DENYING 263 the Movants Fox Rothschild LLP, DLA Piper LLP, and Paul Wassgren's Motion to Compel Receiver to Bring Claims Against Movants in This District. Signed by Judge Mary S. Scriven on 6/21/2021. (JRF) (Entered: 06/21/2021)** |
| 06/23/2021 | 337 | Unopposed MOTION for Miscellaneous Relief, specifically to Approve Sale of Real Property Via Online Auction by Burton W. Wiand. (Attachments: # 1 Exhibit 1)(Donlon, Katherine) (Entered: 06/23/2021) |
| 06/24/2021 | 338 | Unopposed MOTION for Miscellaneous Relief, specifically for Release from Attendance at Settlement Conference by Burton W. Wiand. (Donlon, Katherine) (Entered: 06/24/2021) |
| 06/25/2021 | 339 | **ORDER GRANTING 326 the Receiver's Unopposed Motion to Approve Sale of** |

| | | |
|---|---|---|
| | | Personal Property - 2018 Pagani Huayra. Signed by Judge Mary S. Scriven on 6/25/2021. (JRF) (Entered: 06/25/2021) |
| 06/25/2021 | 340 | **ENDORSED ORDER granting 338 Motion for Release from Attendance at Settlement Conference. The Receiver is excused from attending the settlement conference. Signed by Magistrate Judge Anthony E. Porcelli on 6/25/2021. (JMF) (Entered: 06/25/2021)** |
| 06/28/2021 | 341 | Minute Entry. Virtual Proceedings held before Magistrate Judge Anthony E. Porcelli: SETTLEMENT CONFERENCE held on 6/28/2021. (LV) (Entered: 06/29/2021) |
| 07/01/2021 | 342 | Unopposed MOTION to File Excess Pages *Motion for Leave to File a Motion in Excess of Twenty-Five Pages* by Burton W. Wiand. (Donlon, Katherine) (Entered: 07/01/2021) |
| 07/06/2021 | 343 | **ENDORSED ORDER GRANTING 342 the Receiver's Unopposed Motion for Leave to File a Motion in Excess of Twenty-Five Pages. The Receiver's Unopposed Motion to Pool the Assets and Liabilities of the Receivership Entities shall not exceed thirty-two (32) pages in length, exclusive of cover pages, table of contents, and table of authorities. Signed by Judge Mary S. Scriven on 7/6/2021. (JRF) (Entered: 07/06/2021)** |
| 07/06/2021 | 344 | Unopposed MOTION for Miscellaneous Relief, specifically to Pool the Assets and Liabilities of the Receivership Entities by Burton W. Wiand. (Attachments: # 1 Exhibit 1- Intercompany Transfers Diagram, # 2 Exhibit 2- Property Transfer Summary, # 3 Exhibit 3- 128 Biscayne Expenditures Exhibit, # 4 Exhibit 4 - 305 Bosphorous Expenditures, # 5 Exhibit 5- NY Condo Exhibit, # 6 Exhibit 6- Email and Attached Insurance Bill., # 7 Exhibit 7- Re_ EANY, # 8 Exhibit 8- Fox Rothschild Bill for NY Condo, # 9 Exhibit 9-1214 Majorie Property Appraiser Information, # 10 Exhibit 10- Quit Claim Deeds) (McKinley, Robert) (Entered: 07/06/2021) |
| 07/08/2021 | 345 | Unopposed MOTION for Miscellaneous Relief, specifically Receiver's Unopposed Motion for Reappointment by Burton W. Wiand. (Donlon, Katherine) (Entered: 07/08/2021) |
| 07/08/2021 | 346 | **ORDER GRANTING 334 the Receiver's Unopposed Motion to Approve Settlement of Non-Investor Clawback Claim. See Order for details. Signed by Judge Mary S. Scriven on 7/8/2021. (JRF) (Entered: 07/08/2021)** |
| 07/08/2021 | 347 | **ORDER GRANTING 335 the Receiver's Unopposed Motion to (1) Approve Procedure to Administer Claims and Proof of Claim Form, (2) Establish Deadline for Filing Proof of Claim Forms, (3) Permit Notice by Mail and Publication, and (4) Approve the Retention of Omni Agent Solutions. See Order for details. Signed by Judge Mary S. Scriven on 7/8/2021. (JRF) (Entered: 07/08/2021)** |
| 07/08/2021 | 348 | Unopposed MOTION for Miscellaneous Relief, specifically to Approve Settlement of Investor Clawback Claims *(Second)* by Burton W. Wiand. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Donlon, Katherine) (Entered: 07/08/2021) |
| 07/14/2021 | 349 | **ORDER GRANTING 337 the Receiver's Unopposed Motion to Approve Sale of Real Property Via Online Auction. See Order for details. Signed by Judge Mary S. Scriven on 7/14/2021. (JRF) (Entered: 07/14/2021)** |
| 07/16/2021 | 350 | **ORDER GRANTING 345 the Receiver's Unopposed Motion for Reappointment. See Order for details. Signed by Judge Mary S. Scriven on 7/16/2021. (Attachments: # 1 Exhibit) (JRF) Modified on 7/16/2021 (JRF). (Entered: 07/16/2021)** |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/19/2021 10:16:20 | | | |
| **PACER Login:** | ju2108 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:20-cv-00325-MSS-AEP |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:20-cv-00325-MSS-AEP

SECURITIES AND EXCHANGE COMMISSION,          )
                                             )
                              Plaintiff,     )
v.                                           )
                                             )
BRIAN DAVISON,                               )
BARRY M. RYBICKI,                            )
EQUIALT LLC,                                 )
EQUIALT FUND, LLC,                           )
EQUIALT FUND II, LLC,                        )
EQUIALT FUND III, LLC,                       )
EA SIP, LLC,                                 )
                         Defendants, and     )
                                             )
128 E. DAVIS BLVD, LLC,                      )
310 78TH AVE, LLC,                           )
551 3D AVE S, LLC,                           )
604 WEST AZEELE, LLC,                        )
2101 W. CYPRESS, LLC,                        )
2112 W. KENNEDY BLVD, LLC,                   )
5123 E. BROADWAY AVE, LLC,                   )
BLUE WATERS TI, LLC,                         )
BNAZ, LLC,                                   )
BR SUPPORT SERVICES, LLC,                    )
BUNGALOWS TI, LLC,                           )
CAPRI HAVEN, LLC,                            )
EA NY, LLC,                                  )
EQUIALT 519 3RD AVE S., LLC,                 )
MCDONALD REVOCABLE LIVING TRUST,             )
SILVER SANDS TI, LLC,                        )
TB OLDEST HOUSE EST. 1842, LLC,              )
                                             )
                         Relief Defendants.  )
_____)

**AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF AND
DEMAND FOR JURY TRIAL**

Plaintiff Securities and Exchange Commission ("Commission") alleges:

1

## I.   **INTRODUCTION**

1.      The Commission brings this emergency action to halt an ongoing fraud conducted by EquiAlt LLC ("EquiAlt"), a private real estate investment company. Beginning in 2011 to the present, Defendants EquiAlt, Brian Davison ("Davison") and Barry Rybicki ("Rybicki") conducted a scheme to defraud, raising more than $170 million from over 1,100 investors nationwide, many of them elderly, through fraudulent unregistered securities offerings.   Defendants promised investors that substantially all of their money would be used to purchase real estate in distressed markets in the United States and their investments would yield generous returns.   Instead, EquiAlt, Davison, and Rybicki misappropriated millions in investor funds for their personal benefit.

2.      Despite receiving over $170 million in investor funds, the revenues generated by EquiAlt's real estate portfolio have been significantly less than the amounts of interest owed to investors.   Without sufficient revenues to pay the money owed to investors, the Defendants, in classic Ponzi scheme fashion, resorted to using new investor money to pay the returns promised to existing investors.   Meanwhile, Davison and Rybicki paid themselves millions from the EquiAlt companies and spent this money on luxury automobiles, fine jewelry and chartering private jets, among other expenditures.

3.      In addition to conducting a Ponzi scheme and misappropriating investor money, Davison and Rybicki made material misrepresentations and omissions in order to sell the investments to investors.   The investments—unregistered securities in the form of debentures issued by four real estate investment funds managed by EquiAlt—were falsely touted to investors as "secure," "safe," "low risk,"  and "conservative."   Davison and

Rybicki also falsely touted that the investments had earned millions of dollars in profits, all the time knowing that since at least 2016 the investment funds' revenues failed to cover even their own expenses. Moreover, Davison and Rybicki paid significant sales commissions to numerous unregistered sales agents who sold investments to unaccredited and unsophisticated investors in various states.

4.      At all times relevant to the allegations herein, Davison and Rybicki exercised control over the business operations of EquiAlt and its four real estate investment funds: EquiAlt Fund, LLC ("Fund 1"), EquiAlt Fund II, LLC ("Fund 2"), EquiAlt Fund III ("Fund 3"), and EA SIP, LLC ("EA SIP Fund") (collectively the "Funds"). Although their responsibilities overlapped to some extent, Davison primarily controlled the accounting, finances, bank accounts, and real estate strategy. Rybicki primarily controlled communications with investors, marketing, debenture terms, fundraising, and the relationship with and commission payments made to unregistered sales agents. Rybicki also executed agreements with investors, including debentures and subscription agreements containing numerous representations and warranties. The two principals communicated frequently about the Funds' operations, and worked jointly on the Funds' strategic planning and administration.

5.      Investor money has been misused, commingled, and misappropriated in several distinct ways, including (a) money from one Fund used to purchase real estate for another Fund or for third party entities owned by Davison; (b) money from one Fund used to pay investors in another Fund; (c) substantial undisclosed commissions paid to unregistered sales agents; (d) substantial undisclosed fees such as due diligence fees, management fees,

success fees, auction fees, underwriting fees, and purchase discount fees paid to EquiAlt and Davison; and (e) substantial improper distributions of cash to Davison and Rybicki in "bonuses" and "principal return." As a result of this misuse and misappropriation of millions of dollars of investor funds, Fund 1, Fund 2, and the EA SIP Fund are in a precarious financial condition.

6.      The combined assets of EquiAlt and its three active funds (Fund 1, Fund 2, and the EA SIP Fund) are insufficient to repay the principal and interest owed to investors. EquiAlt has many debentures for which the maturity date has already passed that continue to accumulate on a month-to-month basis. By December 2019, the three active Funds had issued debentures that had matured totaling $39.7 million in principal and interest. As of December 2019, the combined current assets of EquiAlt and the three active Funds were insufficient to repay the principal and interest owed to investors for the debentures that had matured. By December 2020, matured debentures will accumulate to approximately $68.9 million in principal and interest. Thus, the combined assets of the three active Funds are insufficient to pay investors the principal and interest that will be owed to them at the end of this year.

7.      As a result of the conduct alleged in this Amended Complaint, all the Defendants violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c); Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a); and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5. Defendants Davison and Rybicki also, directly and indirectly, violated the anti-fraud provisions of the Exchange

4

Act as Control Persons of EquiAlt under Section 20(a) of the Exchange Act, 15 U.S.C. §
78t(a). Finally, Defendants EquiAlt, Davison, and Rybicki have also aided and abetted
violations of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a). Unless restrained and
enjoined, EquiAlt, Davison, and Rybicki are reasonably likely to continue to violate the
federal securities laws.

8.      Relief Defendants have all received proceeds of the fraud without any legitimate
entitlement to the money.

9.      To halt this ongoing fraud, maintain the status quo, and preserve investor assets,
the Commission seeks several forms of relief, including maintenance of the asset freeze
currently in place, and the Court's continued employment of the appointed Receiver. The
Commission also seeks permanent injunctions and civil money penalties against all the
Defendants, and disgorgement of ill-gotten gains against the Defendants and Relief
Defendants.

## II.   DEFENDANTS AND RELIEF DEFENDANTS

### A. Defendants

10.     **DAVISON** is a resident of Tampa, Florida. During all relevant times Davison
was EquiAlt's owner and Chief Executive Officer and together with Rybicki maintained
control over the Funds. Davison personally controlled the bank accounts, finances, and
accounting for each of the Funds. Davison was in control of most of the real estate
activities and administrative activities of the Funds. Davison was also in charge of the
Funds' strategic planning and administration. Davison is not, and has never been,

registered with the Commission, FINRA, or any state securities regulator. Davison, through his ownership of EquiAlt, owns Fund 1, Fund 2, Fund 3, and the EA SIP Fund.

11. **RYBICKI** is a resident of Phoenix, Arizona. During all relevant times, Rybicki held various titles at EquiAlt including, Managing Director, Vice President, and President, and together with Davison maintained control over the Corporate Defendants. Rybicki's activities were largely directed toward soliciting and raising money from investors. Rybicki, along with Davison, revised and approved changes to Fund offering materials; signed debentures and subscription agreements; created, reviewed, and approved marketing materials, quarterly performance updates, and account statements sent to investors; recruited and supervised unregistered third-party sales agents; paid commissions; and developed and administered the Funds' redemption policy. Rybicki was also in charge of the Funds' strategic planning and administration. Rybicki communicated directly with investors, and raised money from investors for the Funds. Rybicki is the owner of Relief Defendant BR Support Services, LLC, which provided investor-related services to EquiAlt. In addition to the millions he received in commissions from the Funds, Rybicki also received more than $3.7 million from the Funds for "return of principal." Rybicki is not, and has never been, registered with the Commission, FINRA, or any state securities regulator.

12. **EQUIALT** is a Tampa, Florida-based limited liability company not registered with the Commission in any capacity with no publicly traded stock. Formed in 2011, EquiAlt's primary business is to manage Fund 1, Fund 2, Fund 3, and the EA SIP Fund,

and has approximately twelve employees in three states.    During all relevant times, EquiAlt has been owned by Davison.

13.    **FUND 1** is a Nevada limited liability company formed on May 23, 2011.  On July 19, 2011, Fund 1 filed with the Commission a Form D notice of exempt offering of debentures pursuant to Rule 506 of Regulation D of the Securities Act ("Rule 506") seeking to raise $50 million from investors. On August 13, 2019, Fund 1 filed an amended Form D notice under Rule 506 seeking to raise $125 million from investors.  Fund 1 has raised approximately $110 million from 733 investors during the period January 2011 through November 2019.

14.    **FUND 2** is a Nevada limited liability company formed on April 24, 2013.  On April 4, 2016, Fund 2 filed with the Commission a Form D notice of exempt offering of debentures pursuant to Rule 506 seeking to raise $20 million from investors.  On September 1, 2017, Fund 2 filed an amended Form D notice under Rule 506 seeking to raise $50 million from investors.  Fund 2 has raised approximately $39 million from 266 investors during the period 2013 through November 2019.

15.    **FUND 3** is a Nevada limited liability company formed on June 26, 2013. Fund 3 (now closed) raised approximately $2.6 million from investors during the period July 2013 through December 2015.

16.    **EA SIP Fund** is a Nevada limited liability company formed on May 23, 2016. On August 8, 2016, the EA SIP Fund filed with the Commission a Form D notice of exempt offering debentures pursuant to Rule 506 seeking to raise $50 million from investors.  The

EA SIP Fund has raised $21.7 million from 138 investors during the period April 2016 through November 2019.

**B. Relief Defendants**

17. **128 E DAVIS BLVD, LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

18. **310 78TH AVE, LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

19. **551 3RD AVE S, LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

20. **604 WEST AZEELE, LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

21. **2101 W. CYPRESS, LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

22. **2112 W. KENNEDY BLVD, LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

23.     **5123 E. BROADWAY AVE, LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

24.     **BLUE WATERS TI, LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

25.     **BNAZ, LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud.

26.     **BR SUPPORT SERVICES, LLC** is an Arizona limited liability company which received investors' proceeds emanating from the Defendants' securities fraud. Rybicki owns BR Support Services which provided investor-related services to EquiAlt, and has collected millions in commissions from the Funds.

27.     **BUNGALOWS TI, LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

28.     **CAPRI HAVEN, LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

29.     **EA NY, LLC** is a New York limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

30.     **EQUIALT 519 3RD AVE S., LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

31.     **MCDONALD REVOCABLE LIVING TRUST** is a trust which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds. Davison is both the Trustee and a beneficiary of the Trust. Davison improperly directed that millions of dollars from EquiAlt and the Funds be sent to the Trust as "principal return."

32.     **SILVER SANDS TI, LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

33.     **TB OLDEST HOUSE EST. 1842, LLC** is a Florida limited liability company which received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Funds.

34.     By order of this Court, EquiAlt, the Funds, and the Relief Defendants are under the control of a Receiver.

### III.     JURISDICTION AND VENUE

35.     This Court has jurisdiction over this action pursuant to Sections  20(b), 20(d)(1) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(b), 77t(d)(1), and 77v(a), and 21(d), 21 (e), and 27 of the Exchange Act, 15 U.S.C. §§78u(d), 78u(e) and 78aa.

36.     This Court has personal jurisdiction over the Defendants and venue is proper in the Middle District of Florida because Davison resides in the District, EquiAlt has its

principal place of business in the District, and the Funds' business operations have been conducted in the District. Furthermore, much of the conduct constituting the fraud alleged in this Amended Complaint has occurred in the Middle District.

37.     In connection with the conduct alleged in the Amended Complaint, Defendants, directly and indirectly, singly or in concert with others, made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation or communication in interstate commerce, and of the mails.

### IV.     FACTS

### A.  EquiAlt and Its Control Persons

38.     At all relevant times, Davison owned EquiAlt, whose primary business was to manage the operations of the Funds.  Davison and Rybicki worked jointly to establish the Funds' sales operations and investor communications, and the two communicated frequently and regularly regarding the status of the Funds.  Although there was overlap, Davison and Rybicki largely split their primary functions.

39.     Davison, the CEO, formed EquiAlt in 2011 and had signature authority over the bank accounts for EquiAlt and the Funds.  Davison controlled the real estate investment portfolio and the Funds' day-to-day activities and general affairs.  He supervised and directed the controller and accounting personnel for the company.  He also signed numerous debentures and checks authorizing the use of new investor proceeds to make interest payments to old investors, and checks misappropriating money to himself and Rybicki.

40.     Rybicki primarily controlled the sales force and communications with investors. Rybicki signed investor debentures and subscription agreements as EquiAlt's "Managing Director" and is listed as "Executive Officer" and "Promoter" in Fund 1's August 13, 2019 amended Form D.  Both Davison and Rybicki reviewed, revised, and made changes to private placement memoranda ("PPMs"), debentures, and subscription agreements for the Funds.   In addition, Rybicki created, reviewed, or approved changes to marketing materials, quarterly performance updates, and account statements that were sent to investors.  According to Davison's sworn testimony, control over the distribution and dissemination of the Funds' PPMs was within Rybicki's scope of responsibility or within "[h]is wheelhouse so to say."  Rybicki also controlled the distribution or dissemination of the Funds' offering documents to prospective investors, such as the debentures and subscription agreements.

41.     Rybicki was otherwise primarily responsible for raising money for the Funds from investors.   In this regard, Rybicki managed EquiAlt's relationships with various third-party sales agents (acting as unregistered broker-dealers) who sold the Funds' securities. Rybicki recruited these sales agents and provided these agents with marketing and offering materials that were used to sell the Funds' securities to largely elderly and unsophisticated investors. He also provided EquiAlt's President of Business Development and Marketing with marketing materials, quarterly performance updates, and offering materials to send to investors.  Rybicki even advised third-party sales agents that neither a license nor registration were required to sell EquiAlt securities.  Rybicki also met with investors and solicited investments in the Funds directly.

42.     Rybicki along with Davison controlled the debentures' terms, including the interest rate, lock-up period, and the amount of commission paid.  Furthermore, Rybicki reviewed and approved all requests for commission payments.  Indeed, almost all of the commission payments made to the unregistered third-party agents were made by Rybicki's company, BR Support Services.

43.     Rybicki managed the redemption process.  Rybicki, along with Davison, decided whether to approve early redemption requests by investors who sought the return of principal before the maturity date.  Rybicki also revised the Funds' redemption policy in 2019 to address cash flow liquidity problems.

### B. EquiAlt Offerings

44.     In marketing materials and through its website, EquiAlt claims to own a portfolio of revenue-generating condominiums and single and multi-family homes.  Meanwhile, the PPMs for the Funds state that the investment objective of the Funds is to purchase and sell single-family properties in distressed real estate markets in the U.S. and participate in opportunistic lending in the U.S.  In marketing materials provided to prospective investors, EquiAlt boasts that its programs or offerings "protect against market conditions" and are "not susceptible to interest rate hikes & lending trends."  EquiAlt also claims to provide commercial lending investments to construction and development projects, "filling in the gaps left by local community banking systems."

45.     From January 2011 to November 2019, EquiAlt raised more than $170 million from some 1,100 investors though the sale of fixed rate debentures issued by the Funds.  Of that total, $145 million was raised from January 2015 through November 2019.  These

debentures are securities within the meaning of Section 2(a)(1) of the Securities Act and
Section 3(a)(10) of the Exchange Act.  EquiAlt continued to market and raise funds from
investors up until the time that the SEC filed its original Complaint on February 11, 2020.

46.     Defendants sold investors securities consisting of 3 to 4 year term debentures of
the Funds providing a fixed annual return of generally 8 % to 10%.  Many of the investors
were elderly, retired and used IRAs to fund their investments in the Funds.  Furthermore,
many of the investors were unaccredited or unsophisticated in that they lacked knowledge
and expertise in financial or business matters, were not capable of evaluating the merits
and risks of the investment, and were not otherwise capable of bearing the economic risks
of the investment.   Many of the investors were attracted by representations that the
investments in the Funds were "secure," "safe," "low risk," and "conservative" and by
assurances that EquiAlt could not go bankrupt.

47.     EquiAlt used in-house employees and unregistered external sales agents and
financial advisors to solicit investments from the general public through cold calling
campaigns, social media, websites, and in-person meetings.  This sales force was amassed
in large part by Rybicki.  Even though Davison and Rybicki were advised on multiple
occasions by attorneys for various sales agents that this method of sales may violate
securities laws, Davison and Rybicki persisted in using this method of solicitation to
investors.  Indeed, Davison and Rybicki misrepresented to outside sales agents that it was
permissible for these agents to sell these securities while not registered with state and
federal regulatory authorities. This solicitation method continued even after the State of
California's Department of Business oversight issued a cease and desist order in October

2018 to one of EquiAlt's outside sales agents ordering him to refrain from conducting business as an unregistered broker-dealer by selling the Funds, which were deemed to be securities.

### C. Fraudulent Conduct

### i. The Defendants Are Conducting a Ponzi Scheme

48. Despite the fact that some actual real estate operations were occurring, the Funds have operated as a Ponzi scheme since at least 2016. More specifically, in a classic Ponzi-scheme fashion, the Funds are paying investors their monthly interest payments for the debentures by raising and using new investor funds to pay old investors. While Fund 3 is now closed, Fund 1, Fund 2, and the EA SIP Fund have collectively been raising from investors approximately $2-3 million per month since January 2018, and have raised more than $170 million from investors.

49. Notably, by 2016, the interest owed to the Funds' investors greatly exceeded revenues generated from the Funds' business operations. Since at least 2016, the Funds' revenues from property rentals, sales of properties or other sources (other than investor funds) have been insufficient to meet the overwhelming debt service obligations created by the debentures that were being sold. For example, in December 2016, non-investor revenues for the Funds for the month were only $1.16 million while distributions to investors that month were $2.29 million. Thus, more than $1.127 million of new investor funds were used to cover the debt service to investors in December 2016. These distribution deficits continued month after month causing Defendants to use new investor money to service old investors' payouts ultimately totaling millions each year. Indeed, in

2019, the deficit between non-investor revenues and distributions to investors totaled more than $12 million for the year. That millions of dollars of new investor funds were used to service the interest owed to old investors was never disclosed to investors.

50.     Moreover, this scheme was unsustainable. Even if Fund 1, Fund 2 and the EA SIP Fund were able to liquidate their real estate holdings at the values stated in their internal books and records, the Funds' combined assets would fall millions of dollars short of the amounts owed to investors. In February 2020, more than $39 million of principal payments were overdue and the debentures were in default. By the end of December 2020, that number increases to about $68.9 million. The shortfall between what is owed to investors and EquiAlt's predicted revenues and asset value grows even larger over time as additional agreements mature and revenues remain flat. The real estate holdings' are simply insufficient, both in revenues and value (even if they increase in value significantly) to support this house of cards organizational model.

### ii.     **Misappropriation of Investor Funds**

51.     Defendants Davison and Rybicki have misappropriated millions of dollars from the Funds for their own personal benefit. In fact, between 2017 and 2018, Davison and Rybicki received improper cash distributions listed on the books as "annual bonuses," "principal returns," and "principal reduction payments" totaling more than $11.5 million from the Funds. Of these, Davison received about $7.8 million and Rybicki about $3.7 million. Nothing in the PPMs or other offering documents provided for such payments or informed Fund investors that Davison and Rybicki could avail themselves of such

distributions and bonuses. Moreover, no one else at EquiAlt received similar "principal returns," only Davison and Rybicki.

52.     Davison and Rybicki often used this money to purchase high-end luxury items. Davison alone spent more than $14 million of EquiAlt's funds on personal luxury items such as cars, (including multiple Ferraris, a Bentley, a Rolls Royce, and a Pagani), jewelry, and chartering private jets. In addition, Davison also used more than $4 million taken from Fund I and EquiAlt to pay off personal credit card debt. In April 2017, Davison also took cash distributions from several of the Funds totaling $1.8 million and used the money to pay personal back income taxes owed to the Internal Revenue Service. Rybicki similarly purchased a Ferrari, Porsches, luxury watches, and an interest in a soccer team with the monies he received from EquiAlt and the Funds.

53.     In addition to these improper cash distributions, Davison used money taken from the Funds to purchase real estate for his own benefit. Specifically, Davison diverted more than $600,000 directly from Fund I's account (and an additional $1.9 million from EquiAlt's accounts) to pay for his personal residence. Another $2.7 million was diverted from Fund I, to pay for a Manhattan condominium (held in the name of Relief Defendant EA NY, LLC) which has never generated any income for the Funds, despite having been purchased several years ago with investor money. Instead, Davison stays at the condominium when visiting New York and Davison included it among lists of his personal assets. In addition, another Tampa property, 2101 W. Cypress, was purchased by Fund I in 2017, and refurbished to become a garage to store Davison's personal car collection. Davison misappropriated approximately $803,888 from Fund I to purchase and refurbish

the Cypress property.  However, Davison never paid the Funds back the money he used to purchase and improve any of these properties, despite having purchased the properties several years ago with Fund money.  Nothing in the Fund documents provided that Davison could use money from the Funds to purchase property for his own personal use.

### iii.   **Misuse of Investor Funds**

54.    Instead of investing their funds as promised, the Defendants have misused millions of investors' dollars in a manner inconsistent with the PPMs and account statements provided to investors, drafted and approved by Davison and Rybicki.

55.    More specifically, the PPMs for Fund 1, Fund 2, and the EA SIP Fund state that investor money would be used to purchase, own, improve and/or sell real property and included a detailed chart of "projected sources and uses of cash."  The chart, however, identified only the following six specific uses of that cash: investments in property, accounting and tax preparation, legal costs, investor relations and communications expenses, marketing and sponsorship event fees, and miscellaneous expenses and reserves. While the PPMs for these Funds state that "All uses of proceeds are estimated and subject to change," only the above six specific uses of investor proceeds are delineated in the document.  An example of one of the charts included in the PPMs for Fund 1 is set forth below (the other Funds' PPMs contain similar charts):

| SOURCES: | | |
|---|---|---|
| Debentures: | | $50,000,000.00 |
| TOTAL SOURCES: | | $50,000,000.00 |

| USES: | |
|---|---|
| Investment in Property | $45,000,000.00 |
| Accounting and Tax Preparation | $550,000.00 |
| Legal Costs | $250,000.00 |
| Investor Relations and Communications Expenses | $2,500,000.00 |
| Marketing and Sponsorship Event Fees | $200,000.00 |
| Miscellaneous Expenses and Reserves | $1,500,000.00 |
| TOTAL USES: | $50,000,000.00 |

56.     Despite the restrictions of use contained in the PPMs, the Defendants misused

investor funds in several ways, including (a) using money from one Fund to purchase real

estate for another Fund or for third party entities owned by Davison; (b) using money from

one Fund to pay investors in another Fund; (c) paying substantial undisclosed commissions

to unregistered sales agents; (d) substantial undisclosed fees such as due diligence fees,

management fees, success fees, auction fees, underwriting fees, purchase discount fees,

and bonuses paid to EquiAlt and Davison; and (e) substantial improper cash distributions

to Davison and Rybicki.  The misuse of investor funds continued over a period of several

years and totaled millions of dollars.

## D.  Misrepresentations and Omissions to Investors

### i.     False Claims About Use of Investor Funds

57.     The Defendants have misrepresented to investors how their money would be

used by the Funds.  For example, the PPMs for Fund 1, Fund 2, and the EA SIP Fund

indicate that approximately 90% of investor funds would be used to "invest in property." Yet, less than 50% of investor funds were actually used for that purpose. Indeed, a substantial part of the remaining funds were used for improper purposes such as the payment of millions of dollars in fees, principal returns, and bonuses to Davison, Rybicki and others. The offering documents or marketing materials sent to investors did not include any of these fees. Davison and Rybicki both controlled the content included in the PPMs. Critically, both Davison and Rybicki oversaw the distribution of these to investors knowing that the PPMs and investor account statements misrepresented how investor funds would be used. In addition, both Davison and Rybicki allowed these misrepresentation to continue for years without correcting the misrepresentations in the PPMs and other offering documents.

58.     In addition to the PPMs, Rybicki, or others under his direction, supervision or control, provided account statements to investors showing that almost 90% of investors' funds were invested in real estate.

59.     Defendants, as the persons who controlled the Funds' financial, sales and marketing activities, also knew, or had access to, specific information about the Funds' financial status or condition. More specifically, Davison had knowledge of the Funds' bank accounts and access to the Funds' accounting software containing detailed information about the Funds' finances. Rybicki had knowledge of information concerning the Funds' real estate investments, liquidity, and the revenues generated by the Funds' real estate holdings. As a result of their knowledge of, or access to, this financial information

Rybicki and Davison knew or were reckless in not knowing that EquiAlt was not investing the Funds' assets as promised.

60. The Defendants also failed to disclose the various fees being paid by the Funds to EquiAlt. As alleged above, the PPMs for Fund 1, Fund 2, and the EA SIP Fund disclosed a list of specific uses of investor funds. This list, however, did not disclose that the Funds would use investor money to pay EquiAlt extraneous fees described above totaling millions of dollars. For example, although not disclosed to investors, the Funds paid EquiAlt a so-called "discount fee" or the difference in the listed sales price for a particular property and the ultimate purchase priced paid by the Fund to acquire such property. Instead of benefiting from a lower ultimate sales price for the property, the Funds paid the actual cost savings to EquiAlt as a discount fee. No aspect of this fee was ever disclosed to investors who were already paying substantial management and other fees to EquiAlt supposedly to manage the Funds.

61. Defendants knew or were reckless in not knowing that the Funds were paying these undisclosed "discount fees" to EquiAlt. Davison specifically directed that the discount fee be taken. For his part, Rybicki was given a profit and loss statement for February 2017 which specifically reported that EquiAlt had generated "discount fee income" totaling $605,000 in connection with Fund 1. This and other documents indicate that Rybicki was privy to financial information about the nature and amount of undisclosed fees paid by the Funds to EquiAlt.

62. The Defendants also failed to disclose to investors that more than $6.61 million of investor money would be transferred between the Funds with the money raised by one

Fund being used to pay the debts and obligations of another Fund.  For example, in December 2015, Fund 1 and Fund 2 transferred, respectively $1.29 million and $1.08 million to Fund 3, which Fund 3 used to pay approximately $2.3 million in principal and interest to its investors.  Although Fund 3 transferred title to the properties it held to Funds 1 and 2, the value of the properties was far less than the $2.3 million that Funds 1 and 2 had transferred to Fund 3.  Certainly, Fund 3 could not have paid its investors without the cash infusion from Funds 1 and 2.

63.      The Defendants also failed to adequately disclose to investors that their funds would be used to pay commissions to unregistered third party sales agents.  First, many of the subscription agreements signed by Rybicki stated that investments in the Funds were being sold without the payment of a commission.  Furthermore, while the PPMs provided to investors stated that the Funds "may" pay commissions to sales agents, in reality commissions were *always* paid in connection with the sale of the Funds' investments.  In addition, in many cases investors never received the PPMs and were not informed about any commission being paid in connection with their investment.

64.      Rybicki knew that many of the subscription agreements he signed with investors falsely stated that investments in the Funds were being sold "without commissions."  When in fact, commissions were paid to outside sales agents as directed by Rybicki.   Indeed, emails between Rybicki and EquiAlt's accounting controller indicate that Rybicki controlled the decision whether commissions would be paid to various unregisered sales agents in connection with the sale of the Funds' securities.

65.     Rybicki also knew his representations to investors about commissions were false as it was his role to recruit and pay the sales agents' commissions.  In fact, over a period of several years the Funds have paid commissions (primarily to Rybicki or BR Support Services) totaling approximately $25 million using investor money.  Rybicki, or those acting at his direction, would distribute commission amounts to the sales agents (generally 6% of the invested money) and Rybicki and BR Support Services would retain the remaining funds.  Of the $25 million received in commissions, about $13 million was distributed to third-party unregistered sales agents.

66.     Rybicki was, at a minimum, reckless when he failed to tell investors that EquiAlt was using their investment funds to pay millions in commissions to unregistered sales agents.  As early as 2014, Davison and EquiAlt's accountants provided Rybicki with copies of the Funds' financial statements highlighting the Funds' financial results, financial position, investment interest paid to investors and cash flows.  The Funds' financial statements show that EquiAlt was using investor proceeds to pay millions in commissions to unregistered sales agents.

67.     Rybicki also had access to information concerning the financial status and performance of the Funds and was privy to information concerning the Funds' expenses such as the amount of interest being paid to investors on the debentures.  Numerous email communications between EquiAlt's accountant and Rybicki indicate that Rybicki was informed about a wide range of financial matters relating to the Funds such as transfers of money among the Funds, distributions to investors, commission payments, and redemptions.  Davison likewise provided Rybicki with important information about the

Funds' financial performance such as weekly cash flow reports detailing, among other things, the Funds' cash inflow and outflows. Davison had access to all the accounting records of EquiAlt and the Funds.

68.     Both Davison and Rybicki were directly involved in matters concerning the Funds' daily financial operations and activities including important matters such as ensuring that the Funds had adequate capital to cover redemptions. One email that is particularly illustrative shows the level of Rybicki's involvement in the Funds' financial matters. In an email dated August 22, 2017 between Rybicki and a sales agent about the renewal of an investment, Rybicki wrote:

> Back when we were doing that I was trying to get ahead of the redemptions etc...because they were larger paybacks if they didn't renew and therefore the strategic thing to do was either renew them or make sure we were capitalized enough to pay them back and keep operating business as usual. ...
>
> Bottom line on that is that we have to protect the fund, that is job number 1 and sometimes the best way to do that is to get in front of those redemptions one way or another. ...

69.     Investors were also misled about the payment of management fees to EquiAlt. Although EquiAlt collected substantial management fees from the Funds, many investors were expressly told that no management fees would be paid to EquiAlt. For example, EquiAlt's President of Business Development and Marketing stated to Fund 2 investors in writing that EquiAlt had no management fees.

70.     Moreover, although the PPMs for all the Funds state that "the Manager will receive Management Fees as set forth in the Operating Agreement and as described more fully below," there is no description elsewhere in the PPMs (or in the Operating

Agreements, which were not sent to investors) of what or how the management fees would be paid. Nowhere in the offering materials is there any disclosure to investors that EquiAlt and Davison would receive more than $6.67 million in "management fees" from the Funds or of the millions of dollars in other fees, Davison and Rybicki received, as described above.

71.     The misrepresentations were repeated in Account Statements Rybicki drafted and sent to investors, which falsely represented that 88% -90% of Fund I's holdings were in real estate and 10% -12% was in "working capital."

### ii.     **False Statements About Risk**

72.     Investors were misled about the safety and risk of their investments both orally and in writing. While pitching investments in the Funds, the Defendants represented that the investments were "low risk," "safe, and "conservative." Investors were even told that the Funds had "never lost investor dollars since inception." The investments, however, were anything but low risk, safe or conservative. In fact, the Funds have suffered substantial financial losses since their inception. Both Davison and Rybicki were aware that the Funds were operating at a loss and using new investor money to pay the interest payments owed to current investors. Despite this knowledge, Davison and Rybicki continued to deplete the Funds monies for their own use. Indeed, Davison and Rybicki have depleted the Funds' assets through a years-long scheme involving outright misappropriation and misuse of investor funds.

73.     Davison and Rybicki also made false statements about the Funds' prior performance. For example, investors were falsely told that Fund 3 realized a net profit of

approximately $300,000 over a 24-month period and that Funds 1, 2 and the EA SIP Fund had accrued an estimated unrealized profit of $18 million over the life of the Funds.

74.     Rybicki and Davison exercised control over the drafting of marketing materials and "fact sheets" that falsely stated that "assets are quickly brought to cash flowing (28 day average)," "Investors principal is not brokered or lent on someone else's asset" and that EquiAlt had a "successful Track Record During the Downturn" and has "one of a few management teams that have operated successfully throughout the downturn of our "great recession'."

75.     Rybicki and Davison exercised control over the representations made to investors concerning the risk of investing in the Funds and knew that many of the representations were false or misleading at the time they were made to investors. In fact, numerous email communications between Rybicki, Davison (and other EquiAlt marketing executives) indicate that Rybicki and Davison were well aware that the Funds were experiencing liquidity problems.

76.     Rybicki also made oral misrepresentations to investors regarding the safety of investing in the Funds. Rybicki promised one investor, a retired postal service worker and veteran who invested more than a million dollars, that he would receive a guaranteed 10% return on his investment. In another case involving an unaccredited investor, Rybicki touted the safety of investing in the EquiAlt Funds promising him that he would receive steady monthly returns.

77.     Indeed, the liquidity problems were serious enough to force Rybicki and Davison to change the policy allowing early redemptions. More specifically, on August 9, 2018,

Rybicki sent an email to Davison and other EquiAlt marketing executives concerning: "Liquidity of the Fund." In this email, Rybicki stated that he planned to notify EquiAlt's sales force that EquiAlt was going to change the existing policy of allowing investors to redeem their investment prior to the maturity date of the debentures. Rybicki explained that he was changing the policy allowing redemptions upon 60 days' notice in order to protect the future of the fund. At around the same time, he directed EquiAlt's Senior Manager for Investors Relations to remove all the language concerning the existing redemption policy from EquiAlt's marketing materials.

78.   Internal communications also indicate that Rybicki and Davison knew that the investments in the Funds were anything but "low risk," because they knew that they were paying old investors with funds raised from new investors. For example, in one email dated June 8, 2019 between Rybicki and Davison, they discussed the need to increase the liquidity in the EA SIP Fund *before* redeeming an investor's money. The email also indicates that Rybicki and Davison planned to use new investor funds to redeem old investor money. In the email, Rybicki states:

> These two investments are being paid back and he is going to renew with another 50k but doesn't want to be charged 3 investment fees by vantage and therefore would like all monies to be under one debenture.

> Brian, We talked about this a few weeks ago before you left and we wanted to raise the liquidity in EA SIP before sending back. Over the last 3 weeks we raised over 400k to cover the fund *and this return* until the money is reinvested. (emphasis supplied).

27

iii.     **False Statements About Compliance with Applicable Laws, and Management**

79.     EquiAlt falsely told investors in at least one Fund (Fund 2) it was registered with the Commission since 2009.   In truth, neither EquiAlt nor the Funds have ever been registered with the Commission in any capacity.

80.     Written sales materials provided to investors also stated that "payments to licensed brokers and/or finders may be made in compliance with applicable federal and state securities laws."   In reality, during a period of several years the Funds and BR Support Services paid commissions totaling millions of dollars to unlicensed and unregistered sales agents deployed by EquiAlt to market and promote the Funds' investments.

81.     In addition, as detailed above, Rybicki and Davison were informed by multiple attorneys representing third-party sales agents and others that under various securities regulations and laws, the Funds could only be sold by a registered broker-dealer.   Davison and Rybicki chose to ignore these warnings and continued to willfully and intentionally violate the registration laws and to inform third-party sales agents that they did not need to be registered to sell the Funds.

82.     Investors were even misled about the persons involved in managing the Funds. At least two different versions of the PPMs for Funds 1 and 2 identified an individual referred to herein as "DD" as a CPA with an MBA degree who was serving as EquiAlt's Chief Financial Officer.   The description of DD's professional background highlighted DD's prior experience at a Big-Four accounting firm, with SEC reporting requirements, as a CFO of a $100 million real estate mortgage and title company, and as an author.

However, as both Davison and Rybicki were well aware, DD has never worked as EquiAlt's CFO.  In fact, she has never worked for EquiAlt in any capacity.

## V. CLAIMS FOR RELIEF

## COUNT I

### Violations of Sections 5(a) and 5(c) of the Securities Act

### (Against all Defendants)

83.     The Commission repeats and realleges paragraphs 1 through 82 of this Amended Complaint as if fully set forth herein.

84.     No registration statement was filed or in effect with the Commission pursuant to the Securities Act with respect to the securities issued by the Defendants as described in this Amended Complaint and no exemption from registration existed with respect to these securities.

85.   From January 2011 through February 14, 2020, the Defendants directly and indirectly:

(a)     made use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise;

(b)     carried or caused to be carried securities through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale; or

(c)     made use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security,

without a registration statement having been filed or being in effect with the Commission as to such securities.

86.     By reason of the foregoing the Defendants have directly or indirectly violated, and unless enjoined and restrained are reasonably likely to continue to violate Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

## COUNT II

### Violations of Section 17(a)(1) of the Securities Act
### (Against All Defendants)

87.     The Commission repeats and realleges paragraphs 1 through 82 of this Amended Complaint as if fully set forth herein.

88.     From January 2011 through February 14, 2020, the Defendants, in the offer or sale of securities by use of the means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, knowingly or recklessly employed devices, schemes or artifices to defraud.

89.     By reason of the foregoing, the Defendants have directly or indirectly violated, and unless enjoined and restrained are reasonably likely to continue to violate, Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1).

## COUNT III

### Violations of Section 17(a)(2) of the Securities Act
### (Against All Defendants)

90.     The Commission repeats and realleges Paragraphs 1 through 82 of this Amended Complaint as if fully set forth herein.

91.     From January 2011 through February 14, 2020, the Defendants, in the offer or sale of securities by use of the means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly negligently obtained money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading.

92.     By reason of the foregoing, the Defendants have directly or indirectly violated, and unless enjoined and restrained, are reasonably likely to continue to violate, Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2).

## COUNT IV

### Violations of Section 17(a)(3) of the Securities Act
### (Against All Defendants)

93.     The Commission repeats and realleges Paragraphs 1 through 82 of this Amended Complaint as if fully set forth herein.

94.     From January 2011 through February 14, 2020,  the Defendants, in the offer or sale of securities by use of the means or instruments of transportation or communication in interstate commerce and by the use of the mails, directly or indirectly negligently engaged in transactions, practices and courses of business which have operated, are now operating or will operate as a fraud or deceit upon the purchasers.

95.     By reason of the foregoing, the Defendants have directly or indirectly violated, and unless enjoined and restrained, are reasonably likely to continue to violate, Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3).

## COUNT V

### Violations of Section 10(b) and Rule 10b-5(a) of the Exchange Act
### (Against All Defendants)

96.     The Commission repeats and realleges Paragraphs 1 through 82 of this Amended Complaint as if fully set forth herein.

97.     From January 2011 through February 14, 2020, the Defendants, directly and indirectly, by use of the means and instrumentalities of interstate commerce, or of the mails in connection with the purchase or sale of securities, knowingly or recklessly employed devices, schemes or artifices to defraud.

98.     By reason of the foregoing, the Defendants have directly or indirectly directly violated, and unless enjoined and restrained, are reasonably likely to continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(a), 17 C.F.R. § 240.10b-5(a), thereunder.

## COUNT VI

### Violations of Section 10(b) and Rule 10b-5(b) of the Exchange Act
### (Against All Defendants)

99.     The Commission repeats and realleges Paragraphs 1 through 82 of this Amended Complaint as if fully set forth herein.

100.    From January 2011 through February 14, 2020, the Defendants, directly and indirectly, by use of the means and instrumentalities of interstate commerce, or of the mails in connection with the purchase or sale of securities, knowingly or recklessly made untrue

statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

101.    By reason of the foregoing, the Defendants have directly and indirectly violated, and unless enjoined, are reasonably likely to continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b), thereunder.

**COUNT VII**

**Violations of Section 10(b) and Rule 10b-5(c) of the Exchange Act
(Against All Defendants)**

102.    The Commission repeats and realleges Paragraphs 1 through 82 of this Amended Complaint as if fully set forth herein.

103.    From January 2011 through February 14, 2020, the Defendants, directly and indirectly, by use of the means and instrumentalities of interstate commerce, or of the mails in connection with the purchase or sale of securities, knowingly or recklessly engaged in acts, practices and courses of business which operated as a fraud upon the purchasers of such securities.

104.    By reason of the foregoing, the Defendants have directly and indirectly violated, and unless enjoined and restrained, are reasonably likely to continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(c), 17 C.F.R. § 240.10b-5(c), thereunder.

## COUNT VIII

### Section 20(a) of the Exchange Act – Control Person Liability

### (Against Davison and Rybicki for EquiAlt, Fund 1, Fund 2, Fund 3 and the EA SIP Fund's Violations of Section 10(b) and Rule 10b-5 of the Exchange Act)

105.   The Commission repeats and realleges Paragraphs 1 through 82 of this Amended Complaint as if fully set forth herein.

106.   From January 2011 through February 14, 2020, Davison and Rybicki have been, directly or indirectly, control persons of EquiAlt, Fund 1, Fund 2, Fund 3, and the EA SIP Fund  for purposes of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

107.   From January 2011 through February 14, 2020, EquiAlt, Fund 1, Fund 2, Fund 3, and the EA SIP Fund violated Section 10(b) and Rule 10b-5 of the Exchange Act.

108.   As control persons of EquiAlt, Fund 1, Fund 2, Fund 3 and the EA SIP Fund are jointly and severally liable with and to the same extent as EquiAlt, Fund 1, Fund 2, Fund 3 and the EA SIP Fund for each of their violations of Section 10(b) and Rule 10b-5 of the Exchange Act.

109.   By reason of the foregoing, Davison and Rybicki have directly and indirectly violated, and unless enjoined and restrained, are reasonably likely to continue to violate, Sections 10(b) and 20(a) and Rule 10b-5 of the Exchange Act, 15 U.S.C. § 78j(b) and § 78t(a), and 17 C.F.R. § 240.10b-5.

**COUNT IX**

**Aiding and Abetting Violations of Section 15(a) of the Exchange Act**

**(Against EquiAlt, Davison, and Rybicki)**

110.    The Commission repeats and realleges paragraphs 1 through 82 of this Amended Complaint as if fully set forth herein.

111.    Several unregistered sales agents used by Defendants to sell the Funds' securities acted as brokers or dealers and have made use of the mails or any means or instrumentality of interstate commerce to effect transactions in securities, or to induce or attempt to induce the purchase or sale of securities, without being associated with a broker or dealer that was registered as, or associated  with, the Commission in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), in violation of Section 15(a) of the Exchange Act 15 U.S.C. § 78o(a).

112.    These agents solicited investments in the Funds, provided investors with offering materials, provided advice on the merits of the investment, and received transaction-based compensation.  They have never been registered with the Commission as broker-dealers or associated with a registered broker-dealer.

113.    Defendants EquiAlt, Davison, and Rybicki, knowingly or recklessly, substantially assisted the violations of Section 15(a) of the Exchange Act by these unregistered sales agents.  Unless enjoined, Defendants EquiAlt, Davison, and Rybicki are reasonably likely to continue to provide substantial assistance in connection with the violations of Section 15(a) of the Exchange Act by these unregistered sales agents.

## RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests the Court find the Defendants committed the violations alleged, and:

### A.
### Permanent Injunctive and Permanent Injunction

Issue a Preliminary Injunction and a Permanent Injunction and restraining and enjoining: (1) the Defendants from violating Sections 5(a) and 5(c) and 17(a) of the Securities Act and Sections 10(b) and 15(a)(1) and Rule 10b-5 of the Exchange Act; (2) Davison and Rybicki from violating Section 20(a) of the Exchange Act; and (3) EquiAlt, Davison and Rybicki from aiding and abetting violations of Section 15(a) of the Exchange Act.

### B.
### Asset Freeze

Maintain the Order freezing the assets of the Defendants and Relief Defendants, previously entered.

### C.
### Appointment of a Receiver

Retain the Receiver previously appointed over Defendants EquiAlt, Fund 1, Fund 2, Fund 3, EA SIP Fund, and the Relief Defendants.

### D.
### Records Preservation

Maintain the Order, previously entered, restraining and enjoining Defendants and Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or

more of them, and each of them, from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, and of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Defendants and Relief Defendants, wherever located and in whatever form, electronic or otherwise, that refer or relate to the acts or courses of conduct alleged in this Amended Complaint, until further Order of this Court.

### E.
### Disgorgement and Prejudgment Interest

Issue an Order directing the Defendants and Relief Defendants to disgorge all ill-gotten gains or proceeds received from investors as a result of the acts and/or courses of conduct complained of herein, with prejudgment interest thereon.

### F.
### Civil Money Penalties

Issue an Order directing the Defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act.

### G.
### Further Relief

Grant such other and further relief as may be necessary and appropriate.

### H.
### Retention of Jurisdiction

Further, the Commission respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it

may enter, or to entertain any suitable application or motion by the Commission for
additional relief within the jurisdiction of this Court.

## DEMAND FOR JURY TRIAL

The Commission hereby demands a trial by jury in this case.

Dated: July 9, 2020                                   Respectfully submitted,

                                   By:       s/ Alise Johnson
                                             Alise Johnson
                                             Senior Trial Counsel
                                             Fla. Bar No. 0003270
                                             E-mail: johnsonali@sec.gov
                                             *Lead Attorney*

                                             Attorney for Plaintiff
                                             **SECURITIES AND EXCHANGE
                                             COMMISSION**
                                             801 Brickell Avenue, Suite 1950
                                             Miami, Florida 33131
                                             Telephone: (305) 982-6300
                                             Facsimile: (305) 536-4154

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2020, I electronically filed the foregoing document
with the Clerk of the Court using CM/ECF, which will send a notice of such filing to all
counsel of record.

                                             s/ Alise Johnson
                                             Alise Johnson